736 P.2d 809

**John COHEN, Plaintiff/Appellant,**

**v.**

**SALT RIVER PROJECT, an Arizona corporation, Edelman Construction, Inc., an Arizona corporation, and Star Plastering, Inc., an Arizona corporation, Defendants/Appellees.**

**No. 2 CA–CV 5890.**

Court of Appeals of Arizona, Department B.

Jan. 29, 1987.

Review Denied April 7, 1987.

Langerman, Begam, Lewis and Marks by Richard W. Langerman, Phoenix, for plaintiff/appellant.

Jennings, Strouss & Salmon by Michael A. Beale and Jefferson L. Lankford, Phoe-

nix, for defendant/appellee Salt River Project.

Gallagher & Kennedy by Jean Gray Platt and E. Calvin Fuchs, Phoenix, for defendant/appellee Edelman Const., Inc.

Jones, Skelton & Hochuli by D. Reid Garrey and Linda A. Drake, Phoenix, for defendant/appellee Star Plastering, Inc.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiff John Cohen was injured on September 14, 1983 when a 10' piece of metal he was carrying came into contact with a high voltage power line at an apartment construction site where he had contracted to install lathing for the plastering subcontractor. Cohen sued Salt River Project (owner of the power line), Edelman Construction (the general contractor for the project) and Star Plastering (the subcontractor that contracted with Cohen, the sole proprietor of Quality Lathing, to do the lath work), claiming each was guilty of negligence which proximately caused his injuries. The trial court granted summary judgments in favor of all the defendants. Cohen appeals. We affirm as to Salt River Project, but remand for trial on the merits as to Edelman Construction and Star Plastering.

Edelman Construction, the general contractor, was hired to construct a two-story apartment building in Phoenix. The building was to be situated in such a way that an uninsulated high voltage power line would be within four feet of the completed structure. In the course of construction, workers would necessarily come within dangerous proximity of the energized wire.

Salt River Project (SRP) owned and operated the overhead power line that Cohen contacted. Its employees visited the apartment jobsite about three weeks prior to Cohen's accident to check on temporary power requirements. At that time only the footings for the building were in place. SRP employees never saw any plans or blueprints for the proposed structure.

Star Plastering subcontracted with Edelman to stucco the exterior walls after the framing was completed. Silvestro Ferrantello was the president and an owner of Star. With an employee, he erected scaffolding around the apartment building and inspected it after it was in place. The scaffolding was about eight and one-half feet from the overhead power line. Mr. Ferrantello knew that Cohen would use the Star scaffolding to install the lathing. Lathing, wire and paper material reinforced with aluminum strips, had to be installed before Star employees applied the stucco.

We review a grant of summary judgment by construing the record in the light most favorable to the party opposing the motion. Where disputed issues of fact exist or where conflicting inferences can be drawn from the facts, summary judgment is improper. *Mid-Century Ins. Co. v. Duzykowski*, 131 Ariz. 428, 641 P.2d 1272 (1982).

Central to our resolution of this case is the interpretation of the High Voltage Power Lines and Safety Restrictions Act (the Act), A.R.S. §§ 40–360.41 to 40–360.45, effective July 31, 1980. It states in pertinent part:

" 'Person' or 'business entity' means those parties who contract to perform any function or activity upon any land, building, highway or other premises." A.R.S. § 40–360.41(4).

"Unless danger against contact with high voltage overhead lines has been effectively guarded against as provided by § 40–360.43:

(1) A person or business entity shall not ... require any other person to perform any function or activity upon any land, building, highway or other premises if at any time during the performance of any function or activity it is possible that the person performing the function or activity could move or be placed within six feet of any high voltage overhead line or if it is possible that any part of any tool or material used by the person could be brought within six feet of any high voltage overhead line...." A.R.S. § 40–360.42(1).

"If any person or business entity desires to temporarily carry on any function, activity, work or operation in closer prox-

imity to any high voltage overhead line than permitted by this article, the person or business entity responsible for performing the work shall promptly notify the public utility operating the high voltage overhead line. The person or business entity may perform the work only after satisfactorily mutual arrangements, including coordination of work and construction schedules, have been made between the public utility operating the lines and the person or business entity responsible for performing the work." A.R.S. § 40–360.43(A).

SRP contends it received no notice from either the general contractor, Edelman, or the subcontractors, Star Plastering and Quality Lathing, and thus is free of negligence. Edelman and Star contend that they were not subject to the Act and claim that only Cohen of Quality Lathing was required by statute to notify SRP prior to commencing work within the statutory six-foot zone of danger.

■ We direct our attention first to SRP. We disagree that failure to receive the statutory notice insulated SRP from liability. Statutes prescribing conduct in the interests of health, safety and general welfare become the minimum standard of care, the violation of which is negligence. *Konow v. Southern Pacific Co.*, 105 Ariz. 386, 465 P.2d 366 (1970). Compliance with such statutes, however, does not necessarily establish the defendant's freedom from negligence. *Peterson v. Salt River Proj. Agr. Imp. & Power Dist.*, 96 Ariz. 1, 391 P.2d 567 (1964). Here the record demonstrates that SRP never received the statutorily-prescribed notice and thus was not negligent under the statute. Nonetheless, SRP could still be liable for a violation of its duty to use reasonable care in all circumstances.

■ Cohen claims that SRP failed to use reasonable care because it received constructive notice that activities would occur near its power line when two of its employees visited the worksite prior to Cohen's injury. Relying on *Mason v. Arizona Public Service Co.*, 127 Ariz. 546, 622 P.2d 493 (App.1980), Cohen argues that SRP, having knowledge that a construction project had been undertaken, had an obligation to discover whether that construction would come close to its power lines. While the facts in *Mason* are not clear, we do not view that case as imposing such a wide-ranging obligation. In this case, at the time the SRP employees were at the site only footings had been installed. The walls were not yet erected. We hold that reasonable minds could not conclude on the basis of this record that SRP knew or should have known of the subsequently-created potential harm to Cohen by the erection of scaffolding in dangerous proximity to the power line. Summary judgment for SRP is affirmed.

We now address the issues raised concerning the liability of Edelman and Star. They claim they were not required by the statute to notify the public utility. They argue that Cohen was the one performing the work and thus, by statute, the one required to give notice to SRP.

■ A.R.S. §§ 40–360.42 and 40–360.43 state that anyone responsible for performing the work or requiring others to do it must promptly notify the public utility if the work will bring people or materials within six feet of the power line. Under the rules of statutory construction, A.R.S. § 1–211, we must construe statutes to effect the legislature's intent in their enactment and to promote justice. We believe that, in enacting the High Voltage Power Lines and Safety Restrictions Act, our legislature considered the risk of electrocution at construction sites to be so substantial and severe as to impose a duty of care on both those contractors whose employees might come within close proximity to the potential harm and those contractors who by contract require others to come within the zone of danger prescribed by statute. Under this interpretation of the Act, all three contractors—Edelman, Star and Quality Lathing—were obligated to notify SRP.[1] The general contractor, Edelman, by virtue of constructing a building which would require certain workers or materials to come within six feet of the power line, had a duty to notify SRP. Similarly, Star,

1. Cohen's violation of the statute is of course an issue of contributory negligence on which sum-

by erecting scaffolding near the line and making it available to Cohen for his use, and Cohen, as an independent contractor installing lathing at the jobsite, had similar duties to notify SRP.

 We do not wish to adopt a rule that would unnecessarily cause duplication of efforts by a multitude of contractors for the purpose of safeguarding workers from the same energized power line. As among contractors, they may make their own arrangements for notifying the public utility. If they reasonably rely upon another contractor's assumption of the responsibility to notify the utility, then their violation of the statute may be excusable. See *Monares v. Wilcoxson*, 153 Ariz. 359, 736 P.2d 1171 (Ct.App.1987). In the absence of any evidence of such an arrangement in this record, we cannot say any of the statutory violations present were excusable as a matter of law. A jury question arises as to whether any or all of the three contractors are liable for their violations of the statutory duty to notify the public utility. Therefore, summary judgments in favor of Edelman Construction and Star Plastering were improperly granted.

 Edelman cites Restatement (Second) of Torts § 414 for the contention that there is no common law non-delegable duty to make the worksite safe nor, in any event, does it have a duty under Restatement (Second) of Torts § 343A to eliminate an open or obvious danger. As to the former, that general rule applies only to eliminate the general contractor's vicarious liability for the negligence of subcontractors. The general contractor is not relieved of its duty to exercise reasonable care as to its own actions. It remains liable for any negligence of its own regarding the work to be performed. See W. Prosser and W. Keeton, The Law of Torts § 71 (5th ed. 1984). A jury could find that the general contractor's construction of a building, with knowledge of the risk created, to within four feet of a 7200–volt power line and failure to notify both the utility and the worker were unreasonable actions. As to the latter contention, we

find that the question of whether an overhead power line is an open and obvious danger is one for the jury. Wires look the same whether energized or not. Further, even if the jury finds the wire to be an open and obvious danger, the general rule that one need not warn of such dangers is inapt where harm should be anticipated despite knowledge or obviousness of the danger. *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 652 P.2d 1040 (1982); Restatement (Second) of Torts § 343A. Thus, a jury question arises where reasonable people might conclude that Edelman was negligent in failing to remedy a condition presenting an unreasonable risk of harm. See *Beach v. City of Phoenix*, 136 Ariz. 601, 667 P.2d 1316 (1983).

For the foregoing reasons, we remand for a trial on the merits the claims of negligence against Edelman and Star and the issue of Cohen's possible contributory negligence.

HOWARD and LACAGNINA, JJ., concur.

mary judgment may not be granted. Ariz. Const. Art. 18, § 5, *Cohen v. Sahuaro Petroleum* & *Asphalt Co.*, 17 Ariz.App. 215, 496 P.2d 641 (1972).