746 P.2d 510

**TUCSON ELECTRIC POWER COMPANY, an Arizona corporation, Third–Party Plaintiff/Appellee,**

v.

**DOOLEY–JONES AND ASSOCIATES, INC., an Arizona corporation, Third–Party Defendant/Appellant.**

No. 2 CA–CV 87–0119.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 30, 1987.

Redesignated as Opinion and Publication Ordered Dec. 2, 1987.

---

**16.** 15 U.S.C. § 80b–1 *et seq.*

Kimble, Gothreau, Nelson & Cannon, P.C. by Stephen Kimble, Tucson, for third-party plaintiff/appellee.

Bilby & Shoenhair, P.C. by Andrew M. Federhar, Tucson, for third-party defendant/appellant.

## OPINION *

FERNANDEZ, Judge.

This is an appeal by third-party defendant Dooley–Jones and Associates, Inc., from the granting of summary judgment in favor of third-party plaintiff Tucson Electric Power Company (TEP). The judgment ordered Dooley–Jones to indemnify TEP for any damages that may be awarded to plaintiff Michael Contreras from TEP. The basis for the indemnification is the High Voltage Power Lines and Safety Restrictions Act. A.R.S. §§ 40–360.41 through –360.45. We find no error and affirm.

In April 1985, Contreras, an employee of Dooley–Jones, was doing survey work near the Alta Vista subdivision at the north end of Craycroft Road in Tucson. Contreras suffered severe burns when the survey rod he was using came in contact with a 7,960 volt line. The 12–foot long survey rod was normally utilized by inserting it into a 2–foot high tripod. At the place where Contreras was injured, the line was approximately 16 feet 3 inches above the ground. Dooley–Jones did not notify TEP that it would have employees working in the area nor did it make any arrangements with TEP to reroute, alter or de-energize the lines.

Contreras filed a lawsuit alleging that TEP was negligent. TEP then filed a third-party claim for indemnity against Dooley–Jones, alleging it had violated the Act. After both parties moved for summary judgment, the court granted TEP's motion and denied Dooley–Jones'.

On appeal Dooley–Jones claims that it was error to grant the summary judgment because 1) there is a factual question as to whether there was a violation of the Act, 2) TEP knew that construction activity was occurring near the high voltage line, 3) TEP had actual notice of the activity, thus excusing Dooley–Jones from giving notice, 4) TEP was an active tortfeasor and is thus not entitled to indemnity, and 5) awarding indemnification in this case would permit the plaintiff to circumvent and defeat the worker's compensation laws.

* Per 12–2–87 Order.

## EXISTENCE OF FACTUAL QUESTION

■ Dooley–Jones' first contention is that there is an issue of fact on the question of whether it violated the Act based on conflicting evidence as to whether TEP was negligent when it established the height of the wire from the ground.

A.R.S. § 40–360.43 requires any person or business entity who desires to temporarily carry on any function, activity or work within six feet of a high voltage overhead line to promptly notify the utility operating the high voltage line before performing the work. Failure to notify allows a utility to seek indemnity for "all damages to the facilities and all costs and expenses, including damages to third persons, incurred by the public utility as a result of the contact." § 40–360.44(B). Conflicting testimony was presented here as to whether the minimum height of the line should have been 15 feet, 18 feet or 20 feet according to the National Electric Safety Code. Dooley–Jones argues that if the line should have been higher under the Code, Contreras' survey rod would not have come in contact with that higher line, and Dooley–Jones would not have been required to notify TEP of its activity in the area.

This court made it clear, however, in *Tucson Electric Power Co. v. Swengel–Robbins Construction Co.*, 153 Ariz. 486, 737 P.2d 1385 (App.1987), that the legislature intended that utilities in situations such as the one in this case be indemnified even if they were also negligent.

> The [high voltage] statute represents a determination by the legislature that where work is being performed near power lines, the person or entity performing the work is in the best position to prevent injury—whether caused by its negligence or that of the utility—by giving notice so that appropriate protective measures may be taken. The imposition of liability for what is in effect Swengel–Robbins' own negligence in failing to give notice and thereby enabling TEP to take action to prevent injury is a reasonable legislative choice, and we find no

constitutional violation. Swengel–Robbins' argument that the imposition of such liability is fundamentally unfair because it had no control over TEP's conduct misses the mark. Had it given the required notice and had TEP failed to take appropriate protective measures, no liability would have ensued and no obligation to indemnify would have arisen. Conversely, had notice been given and protective measures been taken, no injury would have occurred. Swengel–Robbins was not prevented by the statute from protecting itself. Given the unexcused violation of the statutes, *see Monares v. Wilcoxson*, [153] Ariz. [359], 736 P.2d 1171 (App.1987), we hold that the statutory language permitting recovery for 'all damages ... to third persons, incurred by the utility' allows indemnification for the utility's own negligence. 153 Ariz. at 488, 737 P.2d at 1387. The Act clearly requires notice to be given when there will be any activity within six feet of any high voltage line. Dooley–Jones asks us to amend the statute to require the notice to be given only when activity is conducted within six feet of where the line should be rather than where the line actually is. Such an amendment is not within our power. Even if we had such power, we would not exercise it. Such a change would defeat the purpose of the statute which is to protect those who are required to perform work in close proximity to existing high voltage lines.

## TEP'S KNOWLEDGE OF CONSTRUCTION ACTIVITY IN THE AREA

Dooley–Jones contends that because TEP knew there was construction activity in the area, it was excused from complying with the notice requirement. There was testimony that a guy wire used to support a power pole in the area had been damaged by an earth mover about two weeks before Contreras' injury and that TEP had notice of the damage. The evidence was that Bruce Greer Construction Company was responsible for that damage. There was evidence that the damaged guy wire did not in any way affect the height, position or integrity of the line. The evidence also showed that TEP was unaware that Dooley–Jones was working in the area.

The legislature established a three-step requirement in the Act. Pursuant to A.R.S. § 40–360.43, the business entity must:

1. Notify the utility that work will be performed,

2. Make satisfactory arrangements with the utility to implement safety measures, and

3. Enter into an agreement to pay the utility's expenses in implementing the measures.

The business "may perform the work only after satisfactorily mutual arrangements" have been made, and the utility is not required to provide the arrangements "until an agreement for payment has been made." § 40–360.43. General awareness of the existence of construction activity in an area does not alert the utility to the specific dangers of which the contractor is or should be aware. That awareness does not obligate the utility to inquire whether the activity will come within six feet of its lines. See *Cohen v. Salt River Project,* 153 Ariz. 326, 736 P.2d 809 (App.1987).

There is no evidence in this case that prior to the accident, TEP was aware that Dooley–Jones would have workers and equipment within six feet of any of the lines in the area. There is no merit to Dooley–Jones' contention that it was excused from notifying TEP of its activities.

## TEP'S ACTUAL KNOWLEDGE

We find no evidence that TEP had actual knowledge of Dooley–Jones' activities in the area so as to create an independent duty of care to the plaintiff. The circumstances of this case are not similar to those in *Mason v. Arizona Public Service Co.*, 127 Ariz. 546, 622 P.2d 493 (App. 1980).

## AVAILABILITY OF INDEMNITY TO ACTIVE TORTFEASOR

Dooley–Jones contends that indemnity is not available to an active tortfeasor, relying on the common law doctrine set forth in *Busy Bee Buffet v. Ferrell,* 82

Ariz. 192, 310 P.2d 817 (1957). The court did not rely on the common law doctrine of indemnity in granting summary judgment here but relied solely on the statutes. When a claim for indemnity is based on a statutory right, it is the statute that determines the effect of the indemnitee's own negligence. This court ruled in *Tucson Electric Power Co. v. Swengel–Robbins,* supra, that the legislature intended, by enacting the High Voltage Power Lines and Safety Restrictions Act, that a business which violates the safety requirements must indemnify a utility even for the utility's own negligence. Furthermore, TEP's third-party complaint is based solely on the statutory duty involved and not on any duties which TEP may owe to other parties such as the plaintiff.

### EXCLUSIVITY OF WORKER'S COMPENSATION REMEDY

The opinion of this court in *Swengel–Robbins* also lays to rest any argument which Dooley–Jones makes that the exclusive workers' remedy provisions of A.R.S. §§ 23–906(A) and 23–1022(A) bar TEP's claim for indemnification. This claim is based, not upon the employment relationship between Contreras and Dooley–Jones, but upon the separate, statutory duties imposed on Dooley–Jones and owed to TEP.

Appellee will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17A A.R.S.

Affirmed.

LACAGNINA, C.J., and LIVERMORE, P.J., concur.