767 P.2d 40

**TUCSON ELECTRIC POWER CO., Third–Party Plaintiff/Appellee,**

v.

**KOKOSING CONSTRUCTION CO., INC., Third–Party Defendant/Appellant.**

**No. 2 CA–CV 88–0164.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 4, 1988.

Redesignated as Opinion and Publication Ordered Nov. 8, 1988.

Review Denied Jan. 31, 1989.

Kimble, Gothreau & Nelson by Stephen Kimble, Tucson, for third-party plaintiff/appellee.

Jones, Skelton & Hochuli by Peter G. Kline, Phoenix, for third-party defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

Kokosing Construction Co., Inc., appeals from the summary judgment entered in favor of Tucson Electric Power Co. (TEP) on the issue of indemnification.

The facts, taken in the light most favorable to the appellant, are as follows. Kokosing was subcontracted by R.E. Miller Paving and Construction to construct cast-in-place concrete pipe for a storm sewer below the surface of Alvernon Way. A machine used to pour concrete for the pipeline directly into a trench dug along the roadway was inserted and removed by a crane. On March 5, 1986, as the machine was being removed from the trench, an outrigger of the crane struck a pile of dirt causing its boom to swing into an energized overhead power line. An employee of Kokosing who was in physical contact with the machine at the time was severely injured as a result. Prior to the accident, TEP had a set of construction drawings and knew a crane would be used, but at no time recommended that the overhead lines in the vicinity of the project be rerouted or de-energized. Two days before the acci-

dent one of TEP's employees noted large equipment being operated in close proximity to the power lines and spoke to Kokosing representatives about the hazards. At no time prior to the accident did Kokosing contact TEP to make arrangements to de-energize or reroute the lines or take other precautionary measures.

The injured worker filed a complaint against TEP, which in turn filed a third-party complaint against Kokosing for indemnification on grounds that Kokosing had violated the High Voltage Power Lines and Safety Restrictions Act, A.R.S. §§ 40–360.41 to 40–360.45. It is from the trial court's granting of summary judgment on this issue that Kokosing appeals.

Two issues are raised. First, it is argued that questions of fact remain which preclude summary judgment. Second, it is argued that because there remain questions of fact as to TEP's independent negligence, the common law rules of indemnity should apply and summary judgment be precluded. We reject both arguments and affirm.

█ In adopting the Act, the legislature placed the primary responsibility for safety upon the persons or businesses actually performing work in close proximity to power lines. *Arizona Public Service Co. v. Shea*, 154 Ariz. 350, 742 P.2d 851 (App. 1987). A person or business desiring to work within six feet of a high voltage overhead line must promptly notify the utility operating the line before work begins so that precautionary measures may be taken. A.R.S. § 40–360.43. If the utility fails to receive such notice, it may seek indemnity from the party performing the work for "all costs and expenses, including damages to third persons, incurred by the public utility as a result of the contact." A.R.S. § 40–360.44(B). Kokosing's first claim is that its failure to give the required notice is excused because the contact with the overhead line was accidently brought on by the outrigger hitting the dirt and not by Kokosing's "desire." *See Monares v. Wilcoxson*, 153 Ariz. 359, 736 P.2d 1171 (App.1987). In

*Monares,* this court recognized that violation of the statute may be excused under some circumstances, such as where a subcontractor has been assured by the general contractor that arrangements have been made with the utility to de-energize the lines. *Id.* at 363, 736 P.2d at 1175.

We agree that a violation of the statute may be excused under some circumstances. Such circumstances are not presented here. Here it is claimed that contact with the power line "only took place because an outrigger of the crane accidentally hit a pile of dirt swinging the boom within the prohibited area." First, as it is hard to imagine many situations in which contact with a live power line is intentional, to rule, as appellant would have us do, that all accidental contacts are excused would effectively eviscerate the statute. Second, appellant places undue emphasis on the word "desire" contained in A.R.S. § 40–360.43 by ignoring the language preceding it in § 40–360.42 which reads:

Unless danger against contact with high voltage overhead lines has been effectively guarded against as provided by § 40–360.43:

1. A person or business entity shall not, individually or through an agent or employee, require any other person to perform any function or activity ... if at any time during the performance of any function or activity *it is possible* that ... any part of any tool or material used by the person could be brought within six feet of any high voltage overhead line during the performance of any function or activity.

2. A person or business entity shall not individually, through an agent or employee or as an agent or employee, operate any mechanical equipment or hoisting equipment, any part of which *is capable* of vertical, lateral or *swinging motion* within ten feet of any high voltage overhead line. [Emphasis added.]

The fact of the accident alone shows that it was "possible" for the crane to be brought within six feet of the line, just as the crane

was "capable" of swinging within ten feet of the line. In this context, that Kokosing did not "desire" such contact is both understandable and irrelevant.

 Kokosing's second argument, that common law rules of indemnity should apply where there remain questions of TEP's own independent negligence, has been twice rejected by this court. In *Tucson Electric Power Co. v. Swengel–Robbins Construction Co.*, 153 Ariz. 486, 737 P.2d 1385 (App.1987), we held that a business which violates the notice requirement of the statute must indemnify the utility even for the utility's own negligence. In *Tucson Electric Power Co. v. Dooley–Jones and Associates, Inc.*, 155 Ariz. 340, 746 P.2d 510 (App.1987), we further held that when a claim for indemnity is based on a statutory right, as it is here, the statute, and not the common law, determines the effect of the indemnitee's own negligence. TEP's third-party complaint claimed indemnity pursuant to the Act only. It did not assert a claim for common law indemnity.

Appellee is awarded attorney's fees on appeal upon compliance with Ariz.R.Civ. App.P. 21(c), 17B A.R.S.

AFFIRMED.

HATHAWAY and FERNANDEZ, JJ., concur.