159 P.3d 547

EVANS WITHYCOMBE, INC., an Arizona corporation n/k/a Evans Withycombe Management, Inc., an Arizona corporation, Third Party Plaintiff–Appellant,

v.

WESTERN INNOVATIONS, INC., an Arizona corporation; Construction Inspection & Testing Co., Inc., an Arizona corporation, Third Party Defendants–Appellees.

No. 1 CA–CV 04–0196.

Court of Appeals of Arizona,
Division 1, Department D.

May 11, 2006.

Amended by Order May 12, 2006.

Amended by Order Nov. 13, 2006.

Judge of the Arizona Court of Appeals, Division    One, was designated to sit in this matter.

Doyle Berman Gallenstein, P.C. By William H. Doyle, Dennis A. Bell, Phoenix, and Springel & Fink, LLP By Leonard T. Fink, Scottsdale, Attorneys for Third Party Plaintiff–Appellant.

Schneider & Onofry, P.C. By Jonathan D. Schneider, Jason M. Kelly, Phoenix, Attorneys for Third Party Defendants–Appellees Western Innovations, Inc.

Tryon, Heller & Gaughan, P.C. By G. Michael Tryon, Phoenix, Attorneys for Third Party Defendants–Appellees Construction Inspection & Testing Co., Inc.

## OPINION

SNOW, Judge.

¶ 1 A contractor, Evans Withycombe, Inc., appeals the dismissal of its third-party complaint against its subcontractors based on Arizona Revised Statutes ("A.R.S.") section 12–552 (2003), a statute of repose. Because § 12–552 bars Evans Withycombe's contract-based claims against its subcontractors, we affirm in part. Because it does not bar Evans Withycombe's common-law indemnity claims against its subcontractors, we reverse in part and remand for further proceedings.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Ira and Wilma Weiss purchased a home in the Meridian at McCormick Ranch. The general contractor on the Weisses' home was Evans Withycombe. Various subcontractors, including Western Innovations, Inc. ("Western"), a landscaping subcontractor, and Construction Inspection & Testing Co. ("CIT"), which conducted soil testing at the property, also worked on the Weisses' home pursuant to subcontracts with Evans Withycombe.

¶ 3 The City of Scottsdale issued a certificate of occupancy on the Weisses' home on January 10, 1992. More than eight years later, on August 8, 2000, the Weisses sued Evans Withycombe for defective construction. More than two years after that, and immediately before it settled the Weisses' claims against it in August 2002, Evans Withycombe filed a third-party complaint against subcontractors that had worked on the home. Evans Withycombe alleged that Western had "failed to adhere to the standards and specifications provided in" its subcontract with Evans Withycombe. It also alleged that CIT had prepared a soil analysis and report but had "failed to adequately perform [its duty] as a soils engineer." Based on these allegations Evans Withycombe asserted separate claims for breach of contract, breach of warranty, negligence, and indemnification against Western, CIT, and others.

¶ 4 Western filed a motion for summary judgment to dismiss Evans Withycombe's third-party complaint.[1] The motion was based on § 12–552, which barred any and all claims arising out of contract filed more than nine years after substantial completion of the Weisses' home. The trial court granted Western's motion and dismissed the third-party complaint in its entirety. Evans Withycombe timely filed a notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

### ANALYSIS

¶ 5 On appeal, Evans Withycombe contends the court erred in applying § 12–552 to bar claims among the construction and design professionals involved in the construc-

---

**1.** CIT joined Western's motion for summary judgment and in its answering brief, and is thus also bound by our resolution of this case.

tion of an improvement. It further asserts that even if the statute of repose bars its contract-based claims, the trial court erred in dismissing its claims for negligence and indemnity·because they are not "based in contract."

### I. Section 12–552(A) Bars Evans Withycombe's Breach of Contract and Warranty Claims Against Its Subcontractors.

¶ 6 Statutory construction is a question of law subject to de novo review. *Maycock v. Asilomar Dev., Inc.,* 207 Ariz. 495, 500, ¶ 24, 88 P.3d 565, 570 (App.2004). On appeal from a summary judgment, we independently determine whether the trial court properly applied the law. *Gonzalez v. Satrustegui,* 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App.1993).

¶ 7 When interpreting a statute, our goal is to determine and effectuate the legislature's intent, and thus we first consider the statutory language. *Maycock,* 207 Ariz. at 500, ¶ 24, 88 P.3d at 570. If it "is unambiguous, we give effect to the language [as written] and do not use other rules of statutory construction in its interpretation." *Id.*

¶ 8 The statute states:

A. Notwithstanding any other statute, no action or arbitration based in contract may be instituted or maintained against a person who develops or develops and sells real property, or performs or furnishes the design, specifications, surveying, planning, supervision, testing, construction or observation of construction of an improvement to real property more than eight years after substantial completion [2] of the improvement to real property.

A.R.S. § 12–552(A). If an injury or latent defect is discovered during the eighth year, the statute extends the period for suit but sets a limit of "no ... more than nine years after the substantial completion of the improvement." A.R.S. § 12–552(B).[3] Section

12–552(C) further clarifies that subsection (A) applies to "any action based on implied warranty arising out of the contract or the construction."

¶ 9 We have recognized that § 12–552(A) "is a statute of repose that limits the time within which parties may bring breach of contract and implied warranty actions against developers, builders, and certain others." *Maycock,* 207 Ariz. at 498, ¶ 15, 88 P.3d at 568. In this case, the first count alleged in Evans Withycombe's third-party complaint is that the subcontractors breached their subcontract with Evans Withycombe in accomplishing their work on the Weisses' home. The second count is for breach of warranty based on the subcontract. The statute makes clear that "no action ... based in contract may be instituted ... against a person who ... performs or furnishes ... testing, construction ... more than eight years after substantial completion of the improvement." The statute further makes clear that a breach of warranty claim is "based in contract." Thus, pursuant to the plain language of the statute, the first two counts of Evans Withycombe's third-party complaint are barred.

¶ 10 Without explaining how the statute is ambiguous, Evans Withycombe argues that the trial court failed to consider the statutory purpose. It argues that we should interpret the statute only to bar claims brought by property owners. Otherwise, it maintains, the trial court's interpretation will allow the subcontractor who caused the defect to completely escape liability and oblige Evans Withycombe to bear the entire loss. It argues that the legislature would not have wished to achieve this result and accordingly the statute should be interpreted to only bar claims by property owners.

¶ 11 Evans Withycombe offers no authority to support its argument that the legislature desired only to restrict property owners from bringing contract-based construction claims

---

**2.** An improvement is "substantially complete" when it is first used, is first available for use, or after final inspection "by the governmental body which issued the building permit." A.R.S. § 12–552(E)(3). The parties agree that the Weisses' home was substantially complete when the City

of Scottsdale issued a certificate of occupancy on January 10, 1992.

**3.** For purposes of summary judgment, Western assumed the Weisses discovered a latent defect in the eighth year.

after nine years. The plain language of the statute demonstrates otherwise.

¶ 12 Evans Withycombe further argues that even if the statutory meaning is plain, it should not be applied because it would lead to an absurd result. An absurd result is one "so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion." *State v. Estrada*, 201 Ariz. 247, 251, ¶ 17, 34 P.3d 356, 360 (2001) (quoting *Perini Land and Dev. Co. v. Pima County*, 170 Ariz. 380, 383, 825 P.2d 1, 4 (1992)). Whenever a statute of repose applies, it bars at least some claims for relief. We have previously determined that § 12–552 "sets a period of time within which claims must be brought regardless of when the cause of action may accrue." *Maycock*, 207 Ariz. at 501, ¶ 28 n. 3, 88 P.3d at 571 n. 3; *see also Amoco Prod. Co. v. Newton Sheep Co.*, 85 F.3d 1464, 1472 (10th Cir.1996) (statute of repose sets "absolute time limit beyond which liability no longer exists and is not tolled ... because to do so would upset the economic balance struck by the legislative body"); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1259 (9th Cir.1993) (statute of repose embodies public policy of creating definite end to possible future litigation for past actions). That the statute bars all claims based on contract after the requisite period rather than a more defined set of contract claims does not make the statute absurd. Rather, it promotes the apparent purpose of the statute to establish a limit beyond which no suit may be pursued.

¶ 13 Nor is the application of the statute egregiously unfair to Evans Withycombe. The Weisses presumably brought suit against Evans Withycombe prior to the time when the statute of repose would have barred the Weisses' claims. At that time, Evans Withycombe could have asserted claims against its subcontractors. Instead of timely serving its subcontractors with any third-party claims, however, Evans Withy-

combe allowed more than two years to pass before it filed its third-party claims immediately before settling with the Weisses. During that time the bar became effective.

¶ 14 Moreover, contrary to Evans Withycombe's assertion, the statute does not absolutely deprive it of the ability to assert any claims against its subcontractors for their faults. Section 12–552 only bars Evans Withycombe from instituting or maintaining an action "based in contract." [4]

## II. Evans Withycombe's Negligence Claim.

¶ 15 Evans Withycombe asserts that the trial court erred in dismissing its negligence claim against its subcontractors because § 12–552 only bars claims arising out of contract. The plain wording of the statute itself indicates that the bar only applies to claims based in contract. Nevertheless, Evans Withycombe did not make this argument in opposing Western's motion for summary judgment, although it cited *Fry's Food Stores of Ariz., Inc. v. Mather and Assocs., Inc.*, 183 Ariz. 89, 900 P.2d 1225 (App.1995), a case that makes this observation, in its motion for reconsideration. Generally we do not consider arguments on appeal that were raised for the first time at the trial court in a motion for reconsideration. *Union Rock & Materials Corp. v. Scottsdale Conference Ctr.*, 139 Ariz. 268, 272–73, 678 P.2d 453, 457–58 (App.1983). One of the reasons, as demonstrated by the facts of this case, is that when a new argument is raised for the first time in a motion for reconsideration, the prevailing party below is routinely deprived of the opportunity to fairly respond. Here, the trial court never asked Western to respond to Evans Withycombe's motion for reconsideration but merely denied it. Thus, when Evans Withycombe argued on appeal that the statute of repose does not apply to negligence claims, Western attempted to supplement the record on appeal with facts necessary to argue that even assuming the stat-

---

4. Evans Withycombe argues that if § 12–552 is interpreted to abrogate its contract claims, the statute violates Article 2, Section 25, of the Arizona Constitution. However, because Evans Withycombe presents this argument for the first

time on appeal, and does not fully develop it here, we decline to address it. *See McDowell Mountain Ranch Land Coalition v. Vizcaino*, 190 Ariz. 1, 5, 945 P.2d 312, 316 (1997).

ute of repose did not bar negligence claims, Evans Withycombe could not state a negligence claim under the economic loss rule set forth in *Carstens v. City of Phoenix*, 206 Ariz. 123, 125 ¶¶ 5–7, 75 P.3d 1081, 1083 (App.2003).

¶ 16 According to that rule, a homeowner could not recover mere economic loss in tort without proof of physical harm to a person or property. We denied Western's attempt to supplement the record on appeal to include Evans Withycombe's discovery responses on the issue of personal injury and property damage, because whether Evans Withycombe could bring a negligence claim in light of the economic loss rule was not at issue when the trial court granted summary judgment. Having no reason to raise the argument at the trial court, Western is now deprived of the opportunity to make the argument on appeal due to the absence of necessary facts in the record. Because it would be inequitable to consider Evans Withycombe's argument not raised below, while at the same time refusing to consider Western's response because it was not, we follow our general rule and decline to consider in this appeal whether the statute of repose bars negligence claims.[5]

### III. The Statute of Repose Bars Evans Withycombe's Contract–Based Indemnity Claim; It Does Not Bar Evans Withycombe's Common-Law Indemnity Claim.

¶ 17 Finally Evans Withycombe argues that the trial court erred in completely dismissing its third-party indemnity count against its subcontractors. In that count, Evans Withycombe seeks indemnification from its subcontractors pursuant to "contract and common law" theories of indemnification. It argues that the statute of repose does not bar such suits because both common-law and contractual indemnity are based in equity and are not contract-based. Evans Withycombe is correct only in part.

¶ 18 It may be true that both common-law and contractual indemnity "share the same basis"—that is an "obligation resting on one party to make good a loss or damage another party has incurred." *INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.*, 150 Ariz. 248, 252, 722 P.2d 975, 979 (App.1986) (quoting *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 119 Cal.Rptr. 449, 532 P.2d 97, 100 (1975)). Nonetheless, both of these types of indemnity are not uniquely based on equity. They are governed by independent legal principles, and are thus subject to separate limitations.

¶ 19 For example, although "Arizona courts have recognized various forms of common-law indemnity," *Unique Equip. Co., Inc. v. TRW Vehicle Safety Sys., Inc.*, 197 Ariz. 50, 53, ¶ 10, 3 P.3d 970, 973 (App.1999),[6] each is subject to the limiting principle that "[o]ne seeking [a common law right to] indemnity 'must be proven free from negligence'" in order to make any claim to indemnity. *Herstam*, 186 Ariz. at 117–18, 919 P.2d at 1388–

**5.** On occasion, this court exercises its discretion to consider matters raised for the first time in motions for reconsideration. It tends to do so, however, in cases in which the facts or arguments presented were not available at the time the summary judgment was entered. *See, e.g., Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 88 P.3d 1149 (App.2004) (considering document not provided prior to argument on motion for summary judgment that created an issue of fact meriting reversal of summary judgment); *Union Rock*, 139 Ariz. at 273, 678 P.2d at 458 (new matters in motion for reconsideration may be considered by the trial court when new facts or circumstances come to light between the granting of the motion for summary judgment and the motion for reconsideration).

**6.** Western argues that a common-law indemnity action only amounts to an implied contractual

indemnity action and is thus barred by § 12–552 as arising out of contract. Contrary to Western's assertion however, a common-law indemnity right may arise from a number of different sources. *See, e.g., Herstam v. Deloitte & Touche LLP*, 186 Ariz. 110, 117, 919 P.2d 1381, 1388 (App.1996) (recognizing alternate theories of common-law indemnity, including a distinction between active and passive tortfeasors, principles of implied contract, and theories arising from a principal/agent relationship). Because Evans Withycombe broadly pleaded a cause of action in common-law indemnity, and Western has not established that the common-law indemnity claim is by necessity one for implied contractual indemnity, we need not decide whether implied contractual indemnity is barred by A.R.S. § 12–552.

89; *Allison Steel Mfg. Co. v. Superior Court In and For Pima County,* 22 Ariz.App. 76, 79, 523 P.2d 803, 806 (1974) (A prospective indemnitee is prohibited from obtaining indemnification for a loss to which its negligence has contributed.).

■ ¶ 20 To the extent that Evans Withycombe is correct that principles governing common-law indemnity find their basis in notions of equity, those equitable notions nevertheless provide a much more narrow basis of recovery than is potentially available under contractual indemnity. This is because contractual indemnity provisions are not based on notions of equity so much as they are based on principles of contract.[7] The extent of a contractual duty to indemnify "must be determined from the contract . . . and not by reliance on implied indemnity principles." *INA,* 150 Ariz. at 252, 722 P.2d at 979. *See, also, Estes Co. v. Aztec Const., Inc.,* 139 Ariz. 166, 168, 677 P.2d 939, 941 (App.1983) ("The parties expressly contracted with respect to the duty to indemnify and the extent of that duty must be determined from the contract."). Accordingly, if a contractual indemnity provision plainly specifies that Evans Withycombe can seek indemnity from its subcontractors despite its own negligence, it may do so if not otherwise limited.

¶ 21 These separate types of indemnity are also subject to separate analyses in determining whether either type of indemnity has been precluded by statute. In *Unique Equipment,* a TRW employee, Dyse, was harmed due to an equipment failure. 197 Ariz. at 52, ¶¶ 2–3, 3 P.3d at 972. The equipment in question had been designed by TRW and manufactured by Unique Equipment for TRW so that TRW employees could use it in their employment. When Dyse was injured in an equipment failure at work, she was covered by workers' compensation and thus was precluded from making a claim against TRW. She nevertheless brought a products-liability claim against Unique Equipment. Unique Equipment then asserted a third-party indemnity claim against TRW. *Id.*

¶ 22 In analyzing whether Unique Equipment's indemnity action against TRW was precluded by the exclusive remedy provisions of the Workers' Compensation Act, we determined that the Act, which protected employers from "damages at *common law* . . . for injury or death of an employee," barred a common law indemnity action against an employer by a third-party manufacturer such as Unique Equipment. *Id.* at 53, ¶ 6, 3 P.3d at 973. Nevertheless, we noted that a contractual-indemnity claim would not have been barred because the exclusive remedy provisions only precluded employer liability for "damages at common law." "To interpret our statutes as foreclosing common law indemnification actions to parties like Unique does not preclude them from making contractual indemnity part of their arrangement with the employer." *Id.* at 55, ¶ 17, 3 P.3d at 975 (citation omitted).

¶ 23 The instant case presents the opposite circumstance from that presented in *Unique Equipment.* Here, the statute bars any claims "based in contract," but does not purport to bar other types of claims including common-law indemnity claims. Evans Withycombe's indemnity count asserts indemnity rights based on both contract and common-law indemnity theories. To the extent that Evans Withycombe asserts contract-based indemnity theories, they are barred by the plain text of the statute. "[N]o action . . . based in contract may be instituted or maintained against a person who . . . performs . . . testing, construction or observation of construction of an improvement to real property." A.R.S. § 12–552(A). The statute's plain terms apply both to the underlying property holder as well as the contractor asserting contractual-indemnity claims. *Cf. Unique Equip.,* 197 Ariz. at 53, ¶ 6, 3 P.3d at 973 (Statute barring claim against employers based on "damages at common law . . . for injury or death of an employee," barred third-party indemnity claim against employers for indemnification for "injury or death" of employee.).

---

7. A right to indemnification may also be based in statute and thus not subject to the same limitations that apply to common-law indemnity claims. *See, e.g., Citizens Utils. Co. v. New W. Homes, Inc.,* 174 Ariz. 223, 227, 848 P.2d 308, 312 (App.1992).

¶ 24 However, to the extent that Evans Withycombe's third-party complaint asserts a common-law indemnity right against its subcontractors, § 12–552 does not purport to bar such claims. Although any express contractual right of indemnity between Evans Withycombe and its subcontractors may prevent a common-law indemnity recovery, *see INA,* 150 Ariz. at 252, 722 P.2d at 979 ("When there is an express indemnity contract, the extent of the duty to indemnity must be determined from the contract . . . and not by reliance on implied indemnity principles"), the record does not contain any contracts between Evans Withycombe and its contractors, and does not disclose whether a contractual right of indemnity precludes a recovery under common-law indemnity in this circumstance. In Arizona, a common-law indemnity claim may be asserted by a contractor against its subcontractors. *Ewing v. Goettl's Metal Prods. Co.,* 116 Ariz. 484, 487, 569 P.2d 1382, 1385 (App.1977) ("[A]s has been demonstrated in prior Arizona decisions, that substantive basis [for a claim by a contractor against its subcontractor] may take the form of certain common law indemnity theories."). Because the trial court dismissed all of Evans Withycombe's indemnity claims based on the statute of repose without otherwise considering the merits of Evans Withycombe's common law indemnity claims, we reverse the dismissal of the common law indemnity claim.

¶ 25 Evans Withycombe and Western have each requested an award of attorney's fees and costs incurred in this appeal pursuant to A.R.S. § 12–341.01 (2003). Neither has been completely successful, and, in our discretion, we deny both requests.

## CONCLUSION

¶ 26 We affirm the dismissal of Evans Withycombe's contract claims, its warranty claims, its negligence claim, and its claims for indemnity based on contract. We reverse the dismissal of Evans Withycombe's common-law claim to indemnity and remand for further proceedings.

CONCURRING: SUSAN A. EHRLICH, Presiding Judge and JOHN C. GEMMILL, Judge.

