NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

THE DOLORES M. FAR IRREVOCABLE TRUST,
dated December 20, 2000.

LAURA KOGAN, *Petitioner/Appellee*,

*v.*

TINA M. TIBSHERANY, *Respondent/Appellant.*

CHERI L. MURRAY, *Trustee/Appellee.*

No. 1 CA-CV 21-0230
FILED 5-10-2022

Appeal from the Superior Court in Maricopa County
No. PB2020-002160
The Honorable Brian J. Palmer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Tiffany & Bosco, PA, Phoenix
By Nora L. Jones, Chelsea A. Hesla
*Counsel for Petitioner/Appellee Laura Kogan*

William A. Miller PLC, Scottsdale
By William A. Miller
*Counsel for Respondent/Appellant Tina Tibsherany*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

---

**G A S S**, Vice Chief Judge:

**¶1**　　　　In this probate matter, former trustee Tina Tibsherany appeals the superior court's denial of her Arizona Rule of Civil Procedure (Rule) 60(b)(6) motion seeking relief from a judgment in favor of her sister, Laura Kogan. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　In 2000, Dolores Far established an irrevocable trust. Dolores named her two children—Tina and Laura—as 50/50 beneficiaries and designated Tina as the trustee. Throughout this decision, we refer to the parties by their first name for clarity.

**¶3**　　　　In 2007, Dolores died. Laura never received a distribution, and Tina did not answer Laura's requests for an accounting.

**¶4**　　　　Laura was concerned about Tina's disposition of trust property—namely, two empty lots. In 2013, Tina, acting as trustee, transferred the lots to Trasdira LLC (Trasdira)—a company solely managed by Tina's husband. In 2019, Trasdira sold the lots for $356,998. Tina gave Laura no notice of the above transactions.

**¶5**　　　　In 2020, Laura filed a petition asking the superior court to order an accounting, remove Tina as the trustee, and impose a surcharge on Tina. Tina represented herself and responded to Laura's petition, saying she liquidated the 2000 trust assets in 2010 and she had provided Laura an accounting in 2009. Tina moved to dismiss the petition arguing A.R.S. § 14-11005.A's one-year statute of limitations against her had run.

**¶6**　　　　After an evidentiary hearing, the superior court found: Tina (1) failed to provide Laura a full accounting of the 2000 trust; (2) failed to

comply with § 33-404.B by disclosing the name and address of all 2000 trust beneficiaries in conjunction with the 2019 transfer of the lots; (3) effectively liquidated and distributed the 2000 trust assets to someone other than a beneficiary when she transferred the lots to Trasdira, which then sold the lots to a third party; (4) violated her fiduciary duties; and (5) committed a material breach of the 2000 trust. The superior court removed Tina as trustee, surcharged Tina for all misappropriated or unaccounted-for 2000 trust funds, ordered Trasdira to return the $356,998 to the trust, and awarded Laura her attorney fees and costs.

¶7        In a Rule 60(b)(6) motion for relief from judgment, Tina raised new issues. Specifically, Tina argued Trasdira acquired the lots through adverse possession based on § 12-524's five-year statute of limitations. She also argued the defenses of laches and waiver. The superior court denied Tina's motion, finding the new theories untimely and unduly prejudicial to Laura.

¶8        Tina timely appealed the superior court's ruling on her Rule 60(b)(6) motion. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.

## ANALYSIS

¶9        On appeal, Tina raises two issues: (1) the superior court abused its discretion when it denied her Rule 60(b)(6) motion and (2) the superior court lacked jurisdiction over Trasdira to require it to disgorge the $356,998.

## I.        Rule 60(b)(6) Relief From Judgment

¶10        Tina moved for relief under Rule 60(b)(6). Tina's principal bases were an adverse possession claim and a laches defense. Specifically, Tina argued Trasdira obtained adverse-possession title to the lots.

¶11        Rule 60 allows the superior court to grant relief from a judgment. Rule 60(b)(6) is the "catchall" provision. Under Rule 60(b)(6), the superior court can grant relief for reasons other than those explicitly enumerated in Rule 60(b), but only when the public policy for finality of judgments "must give way in extraordinary circumstances." *See Park v. Strick*, 137 Ariz. 100, 104 (1983); *see also Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶¶ 26–27 (App. 2015) (finding "extraordinary circumstances" applied to a member of the military who failed to respond to the court because he was on active-duty training out-of-state).

¶12     The superior court has broad discretion when deciding whether to grant Rule 60(b)(6) relief. *Skydive*, 238 Ariz. at 364, ¶ 24. This court reviews such a decision for an abuse of discretion. *Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014). The superior court abuses its discretion if the facts of a case and controlling law do not support its decision. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328–29 (1985). This court views the facts in the light most favorable to sustaining the superior court's order. *See MacLean v. Newgioco Grp., Inc.*, 251 Ariz. 31, 33, ¶ 8 (App. 2021) (citation omitted).

¶13     Here, the superior court found Tina raised "new legal arguments [she] could have . . . raised before entry of judgment" and those new arguments did "not constitute the extraordinary circumstances of hardship or injustice justifying relief from judgment under Rule 60(b)(6)." We agree.

¶14     A party must timely disclose its defenses and legal theories. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008); Ariz. R. Civ. 26.1(a)(1)–(2). From the beginning, Tina could have pled multiple, even inconsistent, theories or defenses. *See* Ariz. R. Civ. P. 8(a)(3), (e)(2)–(3); *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991). Tina did not and to allow her to do so post-judgment would unduly prejudice Laura. Because the superior court did not abuse its discretion in denying Tina relief under Rule 60(b)(6), we affirm. *See Skydive*, 238 Ariz. at 364, ¶¶ 25–27.

## II.     Trasdira's Proceeds From Sale Of Lots

¶15     Tina next asserts the superior court committed reversible error by ordering Trasdira to return the proceeds from the sale of the lots to the 2000 trust. Because Tina raised this issue too late, we are not persuaded.

¶16     Tina first raised this claim in a motion for reconsideration from a post-judgment order to show cause. Absent circumstances not present here, this court does not consider arguments raised for the first time in a motion for reconsideration. *See Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240–41, ¶¶ 15–16 (App. 2006) (an issue raised for the first time after trial is deemed to have been waived). Tina, therefore, waived this issue. *See id.*

## ATTORNEY FEES

¶17     Tina seeks her attorney fees on appeal under A.R.S. § 12-341.01.A. Because Tina is not the prevailing party, we deny her request. Laura seeks her attorney fees on appeal under §§ 12-349 (attorney fees for

the filing of a frivolous action), 14-1105.A (allowing the trust to recover attorney fees incurred because of another's unreasonable actions), and -11004.B (allowing a court to award a party its reasonable fees). We award Laura her reasonable fees against Tina under § 14-11004.B and her costs on appeal under § 12-341 upon her compliance with ARCAP 21.

## CONCLUSION

¶18        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA