IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

HATCH DEVELOPMENT, LLC, an Arizona limited liability company;
JASON HATCH and SHANNON HATCH, husband and wife,
*Plaintiffs/Counterdefendants/Appellees*,

*v.*

GARY SOLOMON and BOBBIE SOLOMON, husband and wife; SOL's
CONSTRUCTION CO., INC., an Arizona corporation,
*Defendants/Counterclaimants/Appellants.*

No. 1 CA-CV 14-0767
FILED 6-21-2016

———————————————

Appeal from the Superior Court in Navajo County
No. S0900CV201100592
The Honorable Robert J. Higgins, Judge

**AFFIRMED**

———————————————

COUNSEL

Holden Willits PLC, Phoenix
By Michael J. Holden, R. Stewart Halstead
*Counsel for Plaintiffs/Counterdefendants/Appellees*

Berens, Kozub, Kloberdanz & Blonstein, PLC, Scottsdale
By William A. Kozub, Michael T. DePaoli
*Counsel for Defendants/Counterclaimants/Appellants*

---

## OPINION

Judge John C. Gemmill delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

¶1        Gary and Bobbie Solomon, husband and wife, and Sol's Construction Co. (collectively "Solomon") appeal from the trial court's judgment imposing indemnity liability in favor of Jason and Shannon Hatch, husband and wife, and Hatch Development, LLC (collectively "Hatch").  For the following reasons, we affirm.

## BACKGROUND

¶2        Hatch filed a complaint seeking indemnity against Solomon in September 2011.  The indemnity complaint alleged that Hatch, Solomon, and the Town of Taylor were sued in 2007 by Lee and Debbie Hunt ("Hunts") for water damage caused by sewer and water line construction work Solomon performed on Hatch's property.  The indemnity complaint further alleged that Solomon was solely responsible for the sewer and water line construction and had left sewer line trenches open, resulting in the water damage to the Hunts' property.  Finally, the indemnity complaint alleged that Hatch and the Town of Taylor settled the lawsuit with the Hunts to avoid litigation costs.  Hatch claimed that Solomon, who was not a party to the settlement agreement, was liable to Hatch for indemnity.

¶3        Solomon filed an answer and counterclaim denying liability and alleging that Hatch was not entitled to indemnification because he also was negligent and because the statute of limitations had run on the Hunts' claim against Solomon before the settlement agreement was signed.  Both parties filed motions for summary judgment.  Hatch submitted his own declaration and declarations from a civil engineer who had inspected the work site and from the attorney who represented Hatch in the settlement with the Hunts. Solomon submitted his own affidavit. After oral argument, the trial court granted Hatch's motion for partial summary judgment on Solomon's indemnity liability and denied Solomon's motion for summary judgment.

¶4        Solomon filed motions to reconsider, asserting newly

discovered evidence. He submitted an inspection report and an affidavit from an engineer regarding sewer line approval. The trial court authorized Hatch to respond to the motions. Hatch submitted a second personal declaration, along with declarations from an engineer and also a legal secretary who had worked for the firm representing Hatch during settlement negotiations. After oral argument, the court denied the motions to reconsider. The trial court later granted Hatch's motions for summary judgment on damages and on the counterclaim, and entered judgment in favor of Hatch in the amount of $263,697.65, plus costs, as well as attorney fees in the amount of $51,997.40.

¶5 Solomon timely appeals, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1).

## ANALYSIS

¶6 Solomon challenges the summary judgment holding him liable on Hatch's indemnity claim. We review a trial court's grant of summary judgment de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014) (quoting *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003)). A trial court "shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. Proc. 56(a).[1]

## I. Consideration of the Statute of Limitations

¶7 To address Solomon's arguments on appeal, a timeline of pertinent dates is instructive:

---

[1] As noted, the trial court denied Solomon's motions for reconsideration before entering additional summary judgment rulings and a final judgment. Although the denial of a motion for reconsideration may ordinarily be reviewed for an abuse of discretion, *Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 490, ¶ 24 (App. 2013), the motions for reconsideration here pertained to the prior summary judgment rulings, which are subject to de novo review. *See Aranda v. Cardenas*, 215 Ariz. 210, 212, ¶¶ 3-4 (App. 2007) (reviewing the grant of summary judgment de novo after trial court had also denied a motion for reconsideration of the summary judgment).

- April 2007 — Solomon began work installing sewer lines on Hatch's property.
- July 19, 2007 — A large rainfall occurred, and Hatch was informed that muddy water had appeared in the sewer line. Hatch informed Solomon of the muddy water and Solomon assured Hatch he would take preventative measures.
- July 22, 2007 — A second large rainfall occurred, overwhelming the sewer system, flooding the Hunts' home and causing extensive damage.
- July 15, 2008 — The Hunts filed a complaint against Hatch, Solomon, and the Town of Taylor, seeking damages for the harm they sustained due to the water.
- July 14, 2009 — The Hunts' complaint was dismissed for lack of prosecution.
- January 14, 2010 — According to declarations by Hatch and his attorney, an oral settlement agreement among Hatch, the Town of Taylor, and the Hunts was reached by this date. An uncontested declaration from Hatch's attorney states that the Hunts had a right to refile the action after it was dismissed for lack of prosecution but did not do so "in reliance upon the representations of both Hatch and the Town of Taylor that each party would continue to pursue the settlement as agreed."
- January 21, 2010 — The settlement was memorialized by a written settlement agreement and contract for sale and purchase of property ("SAC") and full and final release of claims and covenant not to sue ("FFR"). Solomon was not a party to either document.
- March 9, 2010 — The SAC was fully executed.
- July 2, 2010 — The FFR was fully executed.
- September 2011 — Hatch filed his indemnity complaint against Solomon.

¶8        Solomon contends that the two-year statute of limitations for injuries to property had run on the Hunts' claims against him by the time the settlement agreement was finalized. Citing a footnote in *MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 303 n.2, ¶ 13 (App. 2008), Solomon then concludes that Hatch cannot prove essential elements of common law indemnity — that the indemnity plaintiff (Hatch) and indemnity defendant (Solomon) owed a legally enforceable obligation to the third party (the Hunts).

A.    Solomon's Legal Obligation to the Hunts

¶9         Footnote 2 in *MT Builders* sets forth a three-pronged test for proving common law indemnity under certain circumstances:

> In general, in an action for common law indemnity, the indemnity plaintiff must show, first, it has discharged a legal obligation owed to a third party; second, the indemnity defendant was also liable to the third party; and third, as between itself and the defendant, the obligation should have been discharged by the defendant. *Absent consent or fault of the defendant*, the plaintiff must show it has extinguished its own and the defendant's liability to prove it has discharged the obligation to the third party in satisfaction of the first element.

219 Ariz. at 303 n.2, ¶ 13 (emphasis added).  Solomon's reliance on these three prongs is misplaced, however, because — as the second sentence quoted above reveals — the three-pronged test in the *MT Builders* footnote applies only when the indemnity defendant is not at fault and has not consented to the indemnity plaintiff's payment to the third party.

¶10        Restatement (First) of Restitution (1937) ("Restatement") § 76 states the general rule:

> A person who, in whole or in part, has *discharged a duty which is owed by him but which as between himself and another should have been discharged by the other,* is entitled to indemnity from the other, unless the payor is *barred by the wrongful nature of his conduct.*

(Emphasis added.)[2]  Restatement § 78, entitled "Where Principal Obligor Is Not Liable," provides in pertinent part:

> A person who with another became subject to an *obligation or supposed obligation* upon which, as between the two, the other

---

[2]  *See Schweber Elecs. v. Nat'l Semiconductor Corp.*, 174 Ariz. 406, 410 (App. 1992) (citing Restatement § 76 favorably); *Am. & Foreign Ins. Co.*, 139 Ariz. at 225 (same); *Radcliffe v. Hilton Inn*, 119 Ariz. 306, 308 (App. 1978) (applying Restatement § 96 and noting that when there is no other case on point, Arizona courts will generally follow the Restatement).

had a prior duty of performance, and *who has made payment thereon although the other had a defense thereto* . . .

(b) is entitled to restitution *if he became subject to the obligation* with the consent of or *because of the fault of the other* and, if in making payment, he acted . . .

(ii) in the *justifiable belief that such duty* [owed by the indemnity plaintiff to the injured third party] *existed*.

Restatement § 78(b)(ii) (emphasis added). Accordingly, a duty to indemnify may arise in at least two alternative circumstances: First, when the party seeking indemnity has "extinguished an obligation owed by the party from whom it seeks indemnification," or second, when the indemnity defendant is "at fault." *KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 100 F. Supp. 3d 817, 827 (D. Ariz. 2015) (identifying the *MT Builders* three-pronged test as dicta and explaining that "a party seeking indemnification must show either that it extinguished an obligation owed by the party from whom it seeks indemnification *or that the other party was at fault*") (emphasis added). *See also KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc*, 43 F. Supp. 3d, 965, 977 (D. Ariz. 2014) (discussing Restatement § 76 Comment (b)); *Am. & Foreign Ins. Co. v. Allstate Ins. Co.*, 139 Ariz. 223, 225 (App. 1983) (quoting Restatement § 76 and explaining that it applies only if "the payor becomes obligated to pay because of the consent or fault" of the indemnity defendant and that "[i]n absence of consent or fault, the duty of indemnity to the payor can be based only upon the ground that the payment is beneficial" to the indemnity defendant) (internal quotations omitted); Restatement § 76 Comment (b) ("it is important to note that if the payor became liable *without the consent or fault* of the principal obligor, the latter's duty of indemnity to the payor can be based only upon the ground that the payment is beneficial to him.") (emphasis added).

¶11 Applying these indemnity principles to the parties in this dispute, Solomon is correct that Hatch was not entitled to summary judgment on indemnity *based on discharging a current obligation* owed by Solomon because the two-year statute of limitations for property damage had run on the Hunts' claim against Solomon. *See* A.R.S. § 12-542(3). But Hatch was entitled to summary judgment on indemnity from Solomon under Restatement § 78(b)(ii) because Hatch presented undisputed facts establishing his justifiable belief that the statute of limitations would not bar his obligation to the Hunts under the circumstances and indemnity

under § 78 is appropriate based on Solomon's undisputed fault. In other words, even though the three-pronged test from *MT Builders* was not satisfied, Hatch was entitled to judgment based on Restatement 78(b)(ii) instead.

¶12 We therefore reject Solomon's argument that Hatch must show that the settlement of the Hunts, Hatch, and the Town of Taylor discharged an obligation of Solomon to the Hunts.[3] Even if the statute of limitations barred the Hunts' property damage claim against Solomon at the time of the settlement, that would not prevent Hatch from establishing an indemnity claim against Solomon under Restatement § 78(b)(ii).

B.     Hatch's Legal Obligation to the Hunts

¶13 Under Arizona common law, Hatch, as the indemnity plaintiff, was required to satisfy a duty, actual or apparent, owed by him to the third party (Hunts). *See* Restatement §§ 76, 78. Solomon claims that because the statute of limitations also had run on the Hunts' claim against Hatch, the Hunts had no valid claim against Hatch at the time of the settlement.

¶14 The uncontroverted evidence in the record indicates that Hatch justifiably believed the Hunts had a claim against him. Hatch submitted an uncontested declaration from his attorney stating that the Hunts' lawsuit could have been refiled pursuant to A.R.S. § 12-504, that Hatch and the Town of Taylor had represented to the Hunts that "each party would continue to pursue the settlement as agreed," and that if Hatch had backed out of the settlement negotiations, further litigation would have ensued.

¶15 On this record, and with no contrary evidence offered, the trial court properly determined that Hatch in good faith believed that he owed an obligation to the Hunts at the time of the settlement. *See* Restatement § 78(b)(ii). Accordingly, the trial court did not err in granting summary judgment to Hatch on indemnity.

---

[3] We also necessarily reject Solomon's argument that the settlement agreement and release documents did not specifically name him or his construction company and therefore Hatch cannot prove that Solomon's debt to the Hunts was in fact discharged.

C.       Statute of Limitations Regarding Hatch's Attorney Fees Claim
         Against Solomon

**¶16**       Solomon asserts that the statute of limitations bars Hatch's
indemnity claim for attorney fees spent defending against the Hunts' suit.
Solomon raises this specific argument for the first time on appeal.  We
conclude, therefore, that the argument has been waived.  *See Airfreight Exp.
Ltd. v. Evergreen Ctr., Inc.*, 215 Ariz. 103, 109, ¶ 17 (App. 2007) (holding "a
party must timely present his legal theories to the trial court so as to give
the trial court an opportunity to rule properly") (quoting *Payne v. Payne*, 12
Ariz. App. 434, 435 (1970)).

## II.    Sewer Line Approval

**¶17**       Solomon also argues that Hatch is barred from obtaining
indemnity because Hatch illegally hooked up his sewer system to the town
lines without Arizona Department of Environmental Quality ("ADEQ")
approval.  Hatch argues Solomon waived this allegation by not raising it
until his second motion for reconsideration, after the trial court had granted
Hatch's motion for summary judgment on liability.

**¶18**       Although Solomon asserted this argument for the first time in
his motion for reconsideration, we will consider it because the trial court
allowed Hatch to respond and held oral argument on the motion before
ruling.  *See Crown Life Ins. Co. v. Howard*, 170 Ariz. 130, 132 (App. 1991)
(considering an argument raised for the first time on appeal because the
trial court presumably considered the argument on its merits); *cf. Ramsey v.
Yavapai Family Advocacy Center*, 225 Ariz. 132, 137-38, ¶ 18 (App. 2010)
(noting that we generally do not consider arguments raised for the first time
in a motion for reconsideration because the "prevailing party below is
routinely deprived of the opportunity to fairly respond") (quoting *Evans
Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240, ¶ 15 (App. 2006)).
We therefore turn to the merits of Solomon's argument.

**¶19**       A party seeking common law indemnity must be without
independent or active fault. *Herstam v. Deloitte & Touche, LLP*, 186 Ariz. 110,
117-18 (1996); *see also INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.*, 150 Ariz.
248, 255 (App. 1986); *Busy Bee Buffet v. Ferrell*, 82 Ariz. 192, 197-98 (1957);
Restatement § 96 ("[a] person who, *without personal fault,* has become subject
to tort liability for the unauthorized and wrongful conduct of another, is
entitled to indemnity from the other") (emphasis added).

¶20        Solomon presented the trial court with evidence that ADEQ had not approved the project as required by Taylor Town Code § 13.10.020 before work could commence.  He contends this violation made Hatch negligent per se and but for that negligence, the flooding and damage to the Hunts would not have occurred.

¶21        "The right of a municipal corporation to regulate and control the use of its sewers has been generally recognized as a necessary incident of its ownership and it may permit appropriate use to be made of its sewers subject to reasonable conditions." *Payson Sanitary Dist. of Gila Cnty. v. Zimmerman*, 119 Ariz. 498, 501 (1978).  When a law or regulation has been enacted for public safety, failure to comply with that law or regulation is negligence per se if such conduct is the proximate cause of an injury.  *See Salt River Valley Water Users' Ass'n v. Compton*, 39 Ariz. 491, 496 (1932) (abrogated on other grounds by *MacNeil v. Perkins*, 84 Ariz. 74 (1958)).  "The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990) (internal quotations omitted).  Additionally, the plaintiff must demonstrate that he or she is within the class of persons the statute is designed to protect. *Hall v. Mertz*, 14 Ariz. App. 24, 26 (1971).

¶22        Although Hatch's failure to obtain authorization may have violated the town code, this alleged omission was not the proximate cause of the damage to the Hunts' property.[4]  The uncontroverted facts before the trial court on summary judgment support the conclusion that the damage was most immediately and directly caused by Solomon's failure to properly cover a manhole and fill in trenches at the worksite.  Douglas Brimhall, a civil engineer, submitted a declaration in which he opined that the flooding was caused by water filling the trenches, flowing into the manhole, and thereby directly into the town's sewer line.  The record shows that the overflow and resulting damage were not proximately caused by the mere connection of pipes into the sewer line — even less so by failure to obtain town or ADEQ approval — but rather, by Solomon's negligence in leaving trenches and a manhole uncovered.

¶23        The premise of Solomon's argument is that if Hatch had

---

[4] Proximate cause is also sometimes referred to as legal cause. *See Barrett v. Harris*, 207 Ariz. 374, 378, ¶ 11 (App. 2004); *see also Alcombrack v. Ciccarelli*, 238 Ariz. 538, 540, ¶ 6 (App. 2015).

applied for ADEQ approval he would have been rejected, and therefore the work by Solomon would not have begun, the pipe and trenches would not have been left uncovered when the rains came, and the flooding would not have occurred. Although the damage to the Hunts thereby might not have occurred "but for" Hatch's failure to obtain ADEQ approval, Solomon offered no evidence of proximate cause — no evidence that ADEQ's approval somehow would have prevented his own negligence in installing the pipes. Mere "but for" causation is not enough. *See Christy v. Baker*, 7 Ariz. App. 354, 356-57 (1968) (determining that a car rental business's negligence in allowing a driver to rent a car without a driver's license — in violation of statute — was not the proximate cause of his accident). Thus, the record does not demonstrate a triable issue of fact on proximate causation regarding Hatch's failure to obtain ADEQ approval.

## III.  Liability of Hatch to the Hunts

**¶24**      Solomon further contends that as the owner of the property, Hatch was actively negligent and directly liable to the Hunts, thereby precluding indemnification under *Shea v. Superior Court of Maricopa County*, 150 Ariz. 271, 274 (1986), in which a failure to act was determined to be a positive act precluding indemnity. *See also* Restatement § 76 (noting, *inter alia*, that a party may be precluded from claiming common law indemnity by its wrongful conduct). Solomon points to the fact that Hatch was alerted after the first storm that there was mud in the sewer system and did nothing to remedy the situation. However, the record presented to the trial court shows that Hatch took appropriate remedial action by contacting Solomon, the contractor on the job, and insisting Solomon make sure no water was getting into the lines through the construction. Hatch's uncontested declaration states that he spoke to Solomon directly and that Solomon assured him that he (Solomon) would "take measures to prevent the flow of water into the sewer system." Furthermore, the trial court determined that at all relevant times, Solomon was in control of the job site.

**¶25**      Based on this record, the trial court did not err in determining that Hatch was not an active participant in causing the water flow issue and that his only liability was a result of his status as owner of the property rather than as an actively negligent party. *See Shea*, 150 Ariz. at 274; *Valley Forge*, 150 Ariz. at 252; *see also Busy Bee*, 82 Ariz. at 197-98 (holding that the indemnity plaintiff's liability was due only because of its legal duty as the property owner and not because of any active or independent negligence); *cf. Transcon Lines v. Barnes*, 17 Ariz. App. 428, 434 (1972) (describing the evolution of common law indemnity in Arizona, and holding that

indemnity plaintiff was more than just technically liable and therefore not entitled to indemnity).

## ATTORNEY FEES

**¶26**      Both Hatch and Solomon asserted at the trial court and on appeal that this case arises from a contract and they each claim to be entitled to attorney fees under A.R.S. § 12-341.01.  We accept their agreement regarding application of A.R.S. § 12-341.01; and, in our discretion, we will award Hatch an amount of reasonable attorney fees and taxable costs, pending compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶27**      Based on the record before us, Solomon did not present a genuine issue of material fact and Hatch was entitled to summary judgment as a matter of law.  The uncontroverted evidence established that Solomon was in control of the job site during the relevant time; Solomon's negligence damaged the Hunts; Hatch was liable to the Hunts for that damage due to his status as the landowner and not because of any active, personal fault or negligence on his part; Hatch settled that liability; and because of the relationship between Hatch and Solomon and the actions of Solomon, that liability should be borne by Solomon under Restatement § 78(b)(ii).  The judgment is therefore affirmed.

