**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KNIGHTBROOK INSURANCE COMPANY; KNIGHT MANAGEMENT INSURANCE SERVICES LLC, *Plaintiffs-Counter-Defendants-Appellees*, | No. 15-15998 D.C. No. 2:12-cv-01671-DGC |
| v. | |
| PAYLESS CAR RENTAL SYSTEM INCORPORATED, *Defendant-Appellant*, | ORDER CERTIFYING A QUESTION TO THE SUPREME COURT OF ARIZONA |
| PCR VENTURE OF PHOENIX LLC, *Defendant-Counter-Claimant-Appellant.* | |

On Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted April 6, 2017
Pasadena, California

Filed May 5, 2017

Before: MILAN D. SMITH, JR. and N. RANDY SMITH, Circuit Judges, and GARY FEINERMAN, District Judge.*

Order

## SUMMARY**

### Certification to Arizona Supreme Court

The panel certified the following questions of state law to the Arizona Supreme Court:

1. Whether Arizona equitable indemnity law incorporates § 78 of the Restatement (First) of Restitution; and if so,

2. Whether equitable indemnity under § 78 requires that the indemnity plaintiff's liability to the underlying plaintiff have been coextensive with the indemnity defendant's liability to the underlying plaintiff.

---

* The Honorable Gary Feinerman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

William F. Greaney (argued), Eric C. Bosset, Daniel E. Matro, and Philip J. Levitz, Covington & Burling LLP, Washington, D.C.; Arron Nesbitt, Taylor Anderson LLP, Denver, Colorado; for Defendants-Appellants.

Gena L. Sluga (argued), Stephen M. Dichter, Jeffrey O. Hutchins, Douglas L. Christian, and Alison R. Christian, Christian Dichter & Sluga PC, Phoenix, Arizona, for Plaintiffs-Appellees.

## ORDER

KnightBrook Insurance Company and Knight Management Insurance Services, LLC (together, KnightBrook) sued PCR Venture of Phoenix, LLC, a franchisee of Payless Car Rental System, Inc. (together, Payless), for, among other things, equitable indemnification. After a bench trial, the district court awarded KnightBrook $970,000; in so doing, the court applied §§ 76 and 78 of the Restatement (First) of Restitution. Having heard oral argument on Payless's appeal, we have concluded that the appeal's outcome turns on two questions of law: (1) whether Arizona equitable indemnity law incorporates § 78 of the Restatement; and, if so, (2) whether equitable indemnity under § 78 requires that the indemnity plaintiff's liability to the underlying plaintiff have been coextensive with the indemnity defendant's liability to the underlying plaintiff. Because these questions are governed by Arizona law but have not been definitively resolved by the Arizona judiciary, we respectfully certify them to the Supreme Court of Arizona pursuant to Arizona Revised Statutes § 12–1861 and Supreme Court of Arizona Rule 27.

## I.   Factual Background

KnightBrook insured Payless under a master policy that enabled Payless to sell supplemental liability insurance (SLI) to individuals who rented cars from Payless.   In February 2010, Michael Bovre rented a car from Payless in Phoenix.   Bovre did not purchase or pay for pay for SLI. However, he would later argue that he was entitled to SLI coverage because the Payless desk agent: (1) failed to notice that Bovre did not initial the line on the contract that expressly declined SLI; and (2) told Bovre that "liability coverage" was included in the rental contract.  Bovre's rental did include insurance coverage under a $30,000 state-mandated policy.

While driving his Payless rental car, Bovre collided with Robert and Lorraine McGill's motorcycles, causing them serious injuries.  Bovre received coverage under the $30,000 state-mandated policy and $500,000 of coverage from his personal liability policy from Travelers Insurance Company.

The McGills sued Bovre in state court.  KnightBrook denied Bovre's request for SLI coverage, explaining in a letter that "you did not purchase the optional Supplemental Liability Insurance (SLI) coverage at the time of the rental." KnightBrook did not defend Bovre under a reservation of rights or file a declaratory judgment action over the coverage dispute.

Bovre settled with the McGills.  The settlement included a "*Damron* agreement," *see Damron v. Sledge*, 460 P.2d 997 (Ariz. 1969), in which the parties stipulated to an $8 million judgment in exchange for: (1) the McGills' covenant not to execute upon the judgment against Bovre's personal assets; and (2) Bovre's assignment to the McGills of Bovre's claims against KnightBrook.   Bovre also paid the McGills

$530,000, the combined limits of the state-mandated and Travelers policies.

Next, the McGills sued KnightBrook and Payless in state court, and the case was removed to federal court.  The McGills pursued the claims that Bovre had assigned to them (breach of contract, negligence, and insurance bad faith) and also sought to recover the $8 million stipulated judgment. The McGills made a settlement demand of $970,000. KnightBrook asked Payless if it would contribute 50% to satisfy that demand, and Payless declined.

Ultimately, KnightBrook alone settled with the McGills. The settlement agreement provided that: (1) the McGills would dismiss all of their claims against KnightBrook in exchange for $970,000; and (2) the McGills would assign to KnightBrook all of their claims against Payless in exchange for 15% of the first $250,000 and 10% of any amount in excess of $250,000 that KnightBrook recovered from Payless.  Payless was not notified of the terms of the final settlement agreement until after it had been signed.

KnightBrook then took over as the plaintiff against Payless.  Its amended complaint asserted the contract and negligence claims that Bovre had assigned to the McGills and that the McGills had in turn assigned to KnightBrook, as well as KnightBrook's own claims against Payless for equitable indemnification and breach of fiduciary duty. Payless filed a counterclaim against KnightBrook for insurance bad faith.  The district court dismissed the contract claims on summary judgment, reasoning that they were extinguished through an accord and satisfaction when KnightBrook paid the McGills $970,000.  The remaining claims proceeded to a bench trial.  After the trial, the district court ruled: (1) that KnightBrook's negligence and breach of fiduciary duty claims were barred by the statute of

limitations; (2) that KnightBrook was entitled to equitable indemnification for the entire settlement payment of $970,000; and (3) that Payless had failed to prove its insurance bad faith claim.

Payless filed this appeal challenging the district court's ruling in favor of KnightBrook on KnightBrook's equitable indemnification claim and Payless's insurance bad faith claim. The questions of law certified in this Order concern only the equitable indemnification claim.

## II.  The Questions of Law

The outcome of this appeal turns on two issues of state law: (1) whether Arizona equitable indemnity law incorporates § 78 of the Restatement; and (2) whether equitable indemnity liability under § 78 requires that the indemnity plaintiff's liability to the underlying plaintiff have been coextensive with the indemnity defendant's liability to the underlying plaintiff.

### A.  Section 78 of the Restatement

Section 78 of the Restatement (First) of Restitution provides, in relevant part:

> A person who with another became subject to an obligation or supposed obligation upon which, as between the two, the other had a prior duty of performance, and who has made payment thereon although the other had a defense thereto,
>
> > (a) is not entitled to restitution if he became subject to the obligation

> without the consent or fault of the
> other;
>
> (b) is entitled to restitution if he became
> subject to the obligation with the
> consent of or because of the fault of
> the other and, if in making payment,
> he acted
>
> . . .
>
> (ii) in the justifiable belief that
> such duty existed . . . .

The district court cited § 78 for the proposition that for purposes of its equitable indemnification claim against Payless, "it is sufficient if [KnightBrook] w[as] subject to a 'supposed obligation' which [Payless] had a greater responsibility to discharge, [KnightBrook] became subject to the obligation because of the fault of [Payless], and, in choosing to make the settlement payment, [KnightBrook] acted in the 'justifiable belief' that [it] would be liable in the McGills' lawsuit." The district court awarded equitable indemnification—without finding that either KnightBrook or Payless would have been found liable in the underlying lawsuit—on the ground that "[t]he requirements of § 78 of the Restatement are satisfied."

At the time the district court issued its opinion, § 78 had never been cited in a published decision of an Arizona court. After the district court issued its decision, however, the Arizona Court of Appeals applied § 78 in *Hatch Development, LLC v. Solomon*, 377 P.3d 368 (Ariz. Ct. App. 2016), in holding that "a duty to indemnify may arise in at least two alternative circumstances: First, when the party

seeking indemnity has 'extinguished an obligation owed by the party from whom it seeks indemnification,' or second, when the indemnity defendant is 'at fault.'"  *Id*. at 372.  The district court's decision is the only authority cited in *Hatch* for the proposition that Arizona equitable indemnity law incorporates § 78 of the Restatement.

## B.  Coextensive Liability

If Arizona law incorporates § 78, the next question is whether equitable indemnity liability under § 78 requires that the indemnity plaintiff's potential liability to the underlying plaintiff have been coextensive with the indemnity defendant's potential liability to the underlying plaintiff.

The district court recognized that KnightBrook and Payless did not face coextensive obligations in the McGills' suit.  KnightBrook paid the McGills $970,000 to settle a case in which the McGills "sought to recover [from KnightBrook] the $8 million established in the consent judgment against Bovre."  The suit asserted negligence, breach of contract, and insurance bad faith claims.  But only KnightBrook, and not Payless, was potentially liable for the insurance bad faith claim and the $8 million *Damron* judgment.  *See Webb v. Gittlen*, 174 P.3d 275, 280–81 (Ariz. 2008) (en banc) (ruling that insurance agents are not bound by *Damron* agreements to which they were not parties).  Accordingly, as the district court correctly observed, although the McGills could have recovered $8 million from KnightBrook, they could have recovered from Payless only $1 million (the maximum available amount of SLI coverage) plus any compensable damages for Bovre's "emotional suffering, time, effort, and

inconvenience."**[1]** Because KnightBrook's settlement payment to the McGills enabled it to avoid substantial liability that Payless did not face, KnightBrook's and Payless's liability to the McGills was not coextensive.

Whether this matters under Arizona law is unclear. In *Herstam v. Deloitte & Touche, LLP*, 919 P.2d 1381 (Ariz. Ct. App. 1996), the court observed that "[i]ndemnity allows one who has discharged a *common* liability to seek reimbursement in full from another," but it did not define "*common* liability" or otherwise address whether coextensive liability is a necessary prerequisite for equitable indemnity. *Id*. at 1388. Although other state courts have held that an indemnitee and indemnitor's respective obligations to the underlying plaintiff must be identical for equitable indemnity liability to attach, *see, e.g.*, *Denny's Inc. v. Avesta Enters., Ltd.*, 884 S.W.2d 281, 291 (Mo. Ct. App. 1994) ("[T]he doctrine [of implied indemnity] is inapplicable unless the indemnitee and the indemnitor have co-extensive, identical duties."); *Nat'l Fruit Prod. Co. v. Balt. & Ohio R.R. Co.*, 329 S.E.2d 125, 130 (W. Va. 1985) (observing that "[s]everal other courts . . . have concluded that the lack of a common and coextensive obligation

---

**[1]** KnightBrook made its settlement payment to the McGills in connection with several obligations, including "the duty to defend and indemnify Mr. Bovre in the Underlying Lawsuit"—a duty that Payless did not owe. KnightBrook's decision to deny coverage in July 2010 was the factual basis for the insurance bad faith claim; that decision was also a necessary prerequisite for the *Damron* agreement. *See Damron*, 460 P.2d at 1001 ("If the [insurance] company refuses to defend at all, it must accept the risk that an unduly large verdict may result . . . ."). As KnightBrook's CEO testified at trial, KnightBrook's exposure to at least $8 million of potential liability arising from the "bad faith claim against KnightBrook" and the *Damron* judgment was an important factor motivating his decision to settle the case for $970,000.

forecloses any claim of implied indemnity" and citing cases), no Arizona court has resolved this issue. *Cf. Hatch*, 377 P.3d at 373 (affirming an equitable indemnity judgment without addressing whether the plaintiff and the defendant faced coextensive liability to the underlying plaintiff).

The evolution of Arizona's equitable indemnity doctrine is better entrusted to the Supreme Court of Arizona than to us. We therefore certify the foregoing questions of law to the Supreme Court of Arizona. The Clerk shall file with the Supreme Court of Arizona an original and six certified copies of this Order, along with counsel's addresses and telephone numbers, as directed by Supreme Court of Arizona Rule 27.

## III. Counsel

For Plaintiffs-Appellees KnightBrook Insurance Company and Knight Management Insurance Services, LLC: Alison R. Christian, Gena L. Sluga, Jeffrey O. Hutchins, Stephen M. Dichter, Christian Dichter & Sluga, P.C., 2700 North Central Avenue, Suite 1200, Phoenix, AZ 85004, Telephone (602) 792-1700.

For Defendants-Appellants Payless Car Rental System, Inc. and PCR Venture of Phoenix, LLC: William F. Greaney, Eric C. Bosset, Philip J. Levitz, Covington & Burling LLP, One CityCenter, 850 Tenth Street, NW, Washington, DC 20001, Telephone (202) 662-6000; and Arron Burt Nesbitt, Taylor Anderson, LLP, 1670 Broadway, Suite 900, Denver, CO 80202, Telephone (303) 551-6657.

## IV. Filing Fee

The parties shall equally share the required filing fees under Supreme Court of Arizona Rule 27(a)(3)(D).

## V. Stay of Proceedings and Withdrawal of Submission

In light of our decision to certify the two issues set forth above, the submission of this appeal is withdrawn, and all further proceedings in this case before our court are stayed pending final action by the Supreme Court of Arizona, save for any petition for rehearing regarding this order. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the Clerk of this court within fourteen days of the Supreme Court of Arizona's acceptance or rejection of certification, and again, if certification is accepted, within fourteen days of the Supreme Court of Arizona's issuance of a decision.

**QUESTION CERTIFIED; PROCEEDINGS STAYED.**