IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

———————

**KNIGHTBROOK INSURANCE COMPANY; KNIGHT MANAGEMENT INSURANCE SERVICES LLC,**
*Plaintiffs/Counter-Defendants/Appellees,*

*v.*

**PAYLESS CAR RENTAL SYSTEM INCORPORATED,**
*Defendant/Appellant,*

**PCR VENTURE OF PHOENIX LLC,**
*Defendant/Counter-Claimant/Appellant.*

———————

No. CV-17-0156-CQ
Filed February 8, 2018

———————

United States District Court for the District of Arizona
No. 2:12-cv-01671-DGC

Certified Question from the
United States Court of Appeals for the Ninth Circuit
*KnightBrook Ins. Co. v. Payless Car Rental Sys. Inc.;*
*PCR Venture of Phoenix, LLC*, 855 F.3d 1072 (9th Cir. 2017)
**QUESTION ANSWERED**

———————

COUNSEL:

Alison R. Christian, Gena L. Sluga (argued), Douglas L. Christian, Stephen M. Dichter, Christian Dichter & Sluga, PC, Phoenix, Attorneys for KnightBrook Insurance Company and Knight Management Insurance Services LLC

William J. Maledon, Thomas L. Hudson, Osborn Maledon, P.A., Phoenix; William F. Greaney (argued), Philip J. Levitz, Covington & Burling LLP, Washington, D.C.; and Arron Nesbitt, Wilson Elser, Denver, CO, Attorneys for Payless Car Rental System Incorporated and PCR Venture of Phoenix, LLC

———————

JUSTICE LOPEZ authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, TIMMER, BOLICK, and GOULD joined.

———————————

JUSTICE LOPEZ, opinion of the Court:

¶1        The United States Court of Appeals for the Ninth Circuit certified the following questions for our review: (1) whether Arizona equitable indemnity law incorporates the Restatement (First) of Restitution § 78 (Am. Law Inst. 1937) (hereinafter "First Restatement") and, if so, (2) whether § 78 requires that the indemnity plaintiff and indemnity defendant's liability be coextensive as to the underlying plaintiff.  We hold that § 78 is not incorporated in Arizona law.  Consequently, we decline to answer the second certified question as moot.

## BACKGROUND

¶2        Michael Bovre rented a vehicle from Payless Car Rental System Inc. ("Payless").  At the rental counter, Payless offered Bovre supplemental liability insurance ("SLI") under a master policy provided by KnightBrook Insurance Co. ("KnightBrook").  Bovre did not pay the $13.95 daily premium for such coverage, but he contends that he is entitled to coverage because he did not initial the space provided in the rental contract to decline SLI coverage.

¶3        While driving the rented vehicle, Bovre caused an accident that injured Robert and Lorraine McGill.  The McGills sued Bovre and made a settlement offer, which included an amount representing SLI coverage.  KnightBrook denied Bovre's demand for SLI coverage because he did not purchase it.

¶4        Bovre ultimately entered into a settlement agreement with the McGills, under which they were paid the combined policy limits of $530,000 from the state-mandated insurance and Bovre's own Travelers policy.  Bovre also executed a *Damron* agreement, in which he assigned to the McGills his claims against KnightBrook and Payless for their alleged failure to provide SLI insurance (breach of contract, negligence, and insurance bad faith), and agreed to an $8 million adverse judgment in exchange for the McGills' covenant not to execute on the judgment against his personal

assets. *See Damron v. Sledge*, 105 Ariz. 151 (1969) (recognizing the validity of an agreement in which an insured stipulates to a judgment, assigns his claims against the insurer to the claimant, and, in turn, the claimant agrees not to execute the judgment against the insured personally).

**¶5** The McGills then sued Payless and KnightBrook, seeking to recover the $8 million judgment. The McGills and KnightBrook entered into a settlement in which the McGills' (previously Bovre's) claims against Payless were further assigned to KnightBrook, which paid the McGills the $970,000 SLI policy limit and promised them a percentage of any recovery from Payless. The settlement resolved the McGills' insurance bad faith and *Damron* claims against KnightBrook but did not extinguish all the claims against Payless. Payless was not notified of the final settlement agreement terms until after it had been executed.

**¶6** KnightBrook subsequently filed an action in federal court against Payless, asserting its assigned claims, along with an equitable indemnification claim for the $970,000 it paid the McGills, arguing that the Payless employee at the rental counter was at fault for not memorializing Bovre's denial of SLI coverage. The district court dismissed the contract claims, holding that they were extinguished by accord and satisfaction when KnightBrook settled with the McGills. Relying on the First Restatement § 78, the court also ruled that KnightBrook was entitled to equitable indemnification from Payless for the $970,000 SLI policy limits it paid to settle the McGills' claims.

**¶7** Payless appealed to the Ninth Circuit, which concluded that the outcome of the case rests on answers to the two questions certified to this Court. We accepted jurisdiction pursuant to A.R.S. § 12-1861.

## DISCUSSION

**¶8** Section 78 of the First Restatement provides, in relevant part:

> A person who with another became subject to an obligation or supposed obligation upon which, as between the two, the other had a prior duty of performance, and who has made payment thereon although the other had a defense thereto,

> (a) is not entitled to restitution if he became subject to the obligation without the consent or fault of the other;
> (b) is entitled to restitution if he became subject to the obligation with the consent of or because of the fault of the other and, if in making payment, he acted
>
> . . .
>
> (ii) in the justifiable belief that such a duty existed[.]

**¶9** In awarding KnightBrook equitable indemnification from Payless, the district court relied on § 78 as a "refinement" of the rule stated in First Restatement § 76 to hold that, although KnightBrook need not prove that it or Payless was actually liable to the McGills, "it is sufficient if [KnightBrook] were subject to a 'supposed obligation' which [Payless] had a greater responsibility to discharge, [KnightBrook] became subject to the obligation because of the fault of [Payless], and, in choosing to make the settlement payment, [KnightBrook] acted in the 'justifiable belief' that [it] would be liable in the McGills' lawsuit." *KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 100 F. Supp. 3d 817, 829 (D. Ariz. 2015).

**¶10** We hold that Arizona's equitable indemnity law does not incorporate § 78 because it conflicts with Arizona's general equitable indemnity principles.

### I. Equitable Indemnity in Arizona

**¶11** Arizona's equitable indemnity law seeks to avoid unjust enrichment by allowing recovery only when an indemnity plaintiff subject to derivative or imputed liability discharges an actual obligation that a culpable indemnity defendant owed to a third party. *See MT Builders, LLC v. Fisher Roofing, Inc.*, 219 Ariz. 297, 303 ¶ 13 n.2 (App. 2008) (enumerating the elements of an Arizona common law indemnity claim). Arizona's equitable indemnity principles are consistent with § 76 of the First Restatement and § 23 of the Restatement (Third) of Restitution and Unjust

Enrichment (Am. Law Inst. 2011) (hereinafter "Third Restatement").[1] *See* First Restatement ch. 3, topic 3, intro. note (noting that the right to indemnity under § 76 arises when an indemnity plaintiff's payment confers a benefit on an indemnity defendant); Third Restatement § 23 reporter's note a (stating that "[i]ndemnity, a form of restitution, is founded on equitable principles; it is allowed where one person has discharged an obligation that another should bear" (citation omitted)).

¶**12**　　　　In Arizona, the plaintiff in a common law indemnity action generally must show: (1) it "discharged a legal obligation owed to a third party"; (2) for which the "indemnity defendant was also liable"; and (3) as between the two, "the obligation should have been discharged by the [indemnity] defendant." *MT Builders*, 219 Ariz. at 303 ¶ 13 n.2 (citing *Am. & Foreign Ins. Co. v. Allstate Ins. Co.*, 139 Ariz. 223, 225 (App. 1983) (relying upon the First Restatement § 76 to note the elements of an Arizona common law indemnity claim)). Thus, there is no "duty of indemnity unless the payment discharges the primary obligor from an existing duty." *Am. & Foreign Ins. Co.*, 139 Ariz. at 225 (citing First Restatement § 76 cmt. b for the proposition that its principles apply "only where the payor becomes obligated to pay because of the consent or fault of the principal obligor" or, in the absence of consent or fault, where "the payment is beneficial [to the principal obligor]").

¶**13**　　　　Payless correctly notes that Arizona courts citing the First Restatement have repeatedly applied the general rule of § 76 to equitable indemnity cases rather than § 78. *See, e.g.*, *MT Builders*, 219 Ariz. at 303 ¶ 13 n.2; *INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.*, 150 Ariz. 248, 252 (App. 1986); *Am. & Foreign Ins. Co.*, 139 Ariz. at 225. Arizona's approach is not unique. In fact, our research reveals that § 78 boasts a mere twelve case citation references nationwide, most from the 1940s and 1950s, while § 76 has been cited in 291 cases, including fifteen in Arizona.

---

[1] First Restatement § 76 reads:

> A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

¶14        KnightBrook argues, citing language in several cases, that § 78 is congruent with Arizona's equitable indemnity common law. *See, e.g.,* *Blakely Oil, Inc. v. Crowder*, 80 Ariz. 72, 75 (1956) ("The right of indemnity . . . insures [sic] to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." (quoting *Builders Supply Co. v. McCabe*, 366 Pa. 322, 325 (1951))); *INA Ins. Co. of N. Am.*, 150 Ariz. at 252 ("[A] party has a right to indemnity when there is an implied contract for indemnity or when justice demands there be the right."); *Allison Steel Mfg. Co. v. Superior Court*, 22 Ariz. App. 76, 79 (1974) ("In this jurisdiction, we are committed to the rule that a contract of indemnity will not be construed to cover losses to the indemnitee caused by his own negligence unless the intention is expressed in clear and unequivocal terms."). These cases, however, do not support KnightBrook's sweeping assertion. With a single exception—*Hatch Development, LLC v. Solomon*, 240 Ariz. 171 (App. 2016)—none of the Arizona cases cited by KnightBrook apply § 78, depart from the general principle that an actual obligation is necessary for an equitable indemnity claim, or suggest that a "supposed obligation" may give rise to such a claim.

¶15        *Hatch* is the only Arizona case to rely on § 78 to reject the three-pronged *MT Builders* test as the exclusive basis for equitable indemnity. *See Hatch Dev., LLC*, 240 Ariz. at 175–76 ¶¶ 9–12. In *Hatch*, a property owner (Hatch) settled a lawsuit initiated by a neighboring landowner (Hunt) for property damage arising from a contractor's (Solomon) negligent work on Hatch's property. *Id.* at 173 ¶ 2. The court of appeals held that Hatch was entitled to common law indemnity against Solomon, even though the statute of limitations had run on Hunt's claims as to Solomon, because Hatch justifiably believed that he owed an obligation to Hunt. *Id.* at 176 ¶¶ 11–12. The court further held that, based on § 78, "a duty to indemnify may arise in at least two alternative circumstances: First, when the party seeking indemnity has 'extinguished an obligation owed by the party from whom it seeks indemnification,' or second, when the indemnity defendant is 'at fault.'" *Id.* at 175 ¶ 10 (quoting *KnightBrook Ins. Co.*, 100 F. Supp. 3d at 827). The court reasoned that although Hatch was not entitled to indemnification under § 76 because the settlement did not discharge an obligation owed by Solomon, indemnification was proper under § 78 because Solomon was at fault for Hunt's damages. *Id.* at 176 ¶ 11. *Hatch*'s reliance on § 78, however, was

based exclusively on the district court's decision in this case, *id.* at 175–76 ¶ 10, with which we disagree.

**¶16**　　　　KnightBrook also relies on *Evans Withycombe, Inc. v. Western Innovations, Inc.*, 215 Ariz. 237 (App. 2006), contending that although *Evans* does not cite § 78, it applies its principles. We disagree. In *Evans*, a general contractor settled a construction defect lawsuit with homeowners and filed a third-party complaint seeking contractual and common law indemnification against its subcontractors who performed the deficient work. 215 Ariz. at 238 ¶¶ 1–4. *Evans* held only that the trial court erred when it "dismissed all of [the contractor's] indemnity claims based on the statute of repose without otherwise considering the merits of [the] common law indemnity claims." *Id.* at 243 ¶ 24. Rather than embrace § 78's approach, *Evans* simply acknowledged the general rule that common law indemnity is subject to the limiting principle that "[o]ne seeking [a common law right to] indemnity must be proven free from negligence in order to make any claim to indemnity." *Id.* at 241–42 ¶ 19 (internal quotations omitted). Although we need not revisit *Evans* here, nothing in that case implicates § 78 or expands equitable indemnity law to include "supposed obligation[s]" that an indemnity plaintiff and defendant may not actually owe.

**¶17**　　　　In this case, we assume without deciding that the court of appeals in *MT Builders* and other cases properly applied § 76's general principles. Thus, it is understandable that the district court would apply § 78 if it perceived that section as a "refinement" of § 76. But § 78 is not a refinement of § 76; instead, § 78 expands the scope of equitable indemnity in a manner inconsistent with § 76 and Arizona's equitable indemnity law. Section 78 does not require an actual legal obligation or a discharge of the indemnity defendant's liability. Rather, it creates a new cause of action based on the relationship between the indemnitor and the indemnitee, expanding equitable indemnity to cover "supposed obligation[s]" that may be based on the payor's "justifiable belief" that he owed a duty to the third party. The "[r]eason for the rule," as explained in § 78, is to provide equitable indemnity where § 76 does not: in "situations [where] the performance is not a benefit to the primary obligor and hence there can be no recovery by the payor because of unjust enrichment." First Restatement § 78 cmt. a.

**¶18**        This approach departs sharply from Arizona equitable indemnity law.  The lower indemnification standard in § 78 adopted by the district court entitles KnightBrook to indemnification with the mere "justifiable belief" that it faced a "supposed obligation" for which Payless bore the greater responsibility.  We are unwilling to impose liability based on the "justifiable belief" that a duty exists, and we are troubled that § 78 could preclude an indemnitor from raising viable defenses to the underlying claim, as Payless contends happened here.

## II.        Arizona and the Restatement of Restitution

**¶19**        KnightBrook also urges this Court to adopt First Restatement § 78 because "[i]n the absence of contrary authority Arizona courts follow the Restatement of the Law." *Bank of Am. v. J. & S. Auto Repairs*, 143 Ariz. 416, 418 (1985).  But this argument ignores the compelling reasons militating against adopting § 78.  First, the Third Restatement superseded the First Restatement in 2011.  Although we are not bound to the latest edition if we choose to follow the Restatement, the changes made by the Third Restatement are material to our analysis.  The Third Restatement attempted to clarify the law of restitution by abandoning § 78, declining to include an analogous provision, and limiting its equitable indemnity language to § 23, which resembles the general rule delineated in First Restatement § 76.[2]  Second, as discussed, § 78 expands and conflicts with long-settled equitable indemnity principles.  There is no reason to adopt

---

2  Third Restatement § 23 reads:

> (1) If the claimant renders to a third person a performance for which claimant and defendant are jointly and severally liable, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment.
> (2) There is unjust enrichment in such a case to the extent that
>    (a) the effect of the claimant's intervention is to reduce an enforceable obligation of the defendant to the third person, and
>    (b) as between the claimant and the defendant, the obligation discharged (or the part thereof for which the claimant seeks restitution) was primarily the responsibility of the defendant.

§ 78, as KnightBrook contends, to create additional indemnity remedies. Arizona law recognizes causes of action in contract and tort for compensation, such as KnightBrook's breach of fiduciary duty claim against Payless for its handling of Bovre's rental car counter transaction, that adequately address § 78's focus on scenarios where a person subject to a "supposed obligation" makes a payment to satisfy the perceived obligation, but the payment is not beneficial to the other ostensibly culpable party.[3]

**¶20**        "In Arizona, if there is no statute or case law on a particular subject, we have traditionally followed the Restatement of Laws, and generally will embrace the Restatement if it prescribes a sound and sensible rule." *Cramer v. Starr*, 240 Ariz. 4, 10 ¶ 21 (2016) (citations and internal quotation marks omitted).  Although we leave for another day whether to adopt other portions of the First or Third Restatements of Restitution, we now decline to adopt First Restatement § 78 because it is contrary to Arizona's equitable indemnity principles and does not, in our view, reflect a sound rule.

## CONCLUSION

**¶21**        We answer the certified questions posed to us by the Ninth Circuit by holding that Arizona equitable indemnity law does not incorporate the Restatement (First) of Restitution § 78.  Consequently, we decline to answer whether § 78 requires coextensive liability between the parties, as the issue is moot.

---

[3] The district court briefly noted that the Third Restatement § 24, titled "Performance of an Independent Obligation (Equitable Subrogation)," could also be applied in this case. *KnightBrook Ins. Co.*, 100 F. Supp. 3d at 827 n.3.  Section 24 does not change our analysis, however, because: (1) KnightBrook did not assert an equitable subrogation claim in its complaint; (2) the fact that § 78 is reformulated as an equitable subrogation provision further militates against adopting § 78 as an equitable indemnification principle; and (3) § 24 jettisoned the amorphous "supposed obligation" standard that makes § 78 troublesome.