NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSEPH M ARPAIO, et al., *Plaintiffs/Appellants*,

*v.*

HINES GS PROPERTIES INC, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0781
FILED 2-20-2018

Appeal from the Superior Court in Maricopa County
No. CV2014-054283
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Goldman & Zwillinger PLLC, Scottsdale
By Mark D. Goldman, Jeff S. Surdakowski, Joseph P. Brown
*Counsel for Plaintiffs/Appellants*

Manning & Kass Ellrod, Ramirez, Trester, LLP, Phoenix
By Anthony S. Vitagliano, Robert B. Zelms, Fatima M. Badreddine
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

**P O R T L E Y**, Judge:

**¶1**        Joseph M. Arpaio ("Arpaio") and Ava Arpaio challenge the ruling excluding the testimony of their expert witness and granting summary judgment to Hines GS Properties, Inc., et al. (collectively referred to as "Hines").  For the reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Arpaio tripped over a drain embed in the walkway outside of Two Renaissance Square, fell, and was injured.  He sued Hines, the owner of the property, for negligence, alleging the walkway was "unreasonably dangerous and improperly maintained."

**¶3**        After discovery, including deposing Arpaio, Hines moved for summary judgment, arguing that: (1) it had no notice of any allegedly hazardous condition; (2) the drain was not hazardous or defective; and (3) the drain was open and obvious.  In response, Arpaio offered two reports from Sharon Bonesteel, a licensed architect.  In the reports, Bonesteel disclosed she examined the walkway approximately one year after Arpaio's fall.  She opined that Hines did not exercise reasonable care in installing and maintaining the walkway because certain cross-slopes violated the accessibility requirements of various construction codes, including the Phoenix Construction Code.  Further, she opined that the noncompliance proximately caused Arpaio's fall.

**¶4**        Hines moved to strike Bonesteel's reports, arguing they presented impermissible legal conclusions as to both the cited construction codes and proximate cause.  Hines also argued her opinions were irrelevant given Arpaio's testimony that he tripped over a drain.  After argument, and due consideration, the trial court struck Bonesteel's reports, concluding that

---

[1] Pursuant to Article VI, Section 3 of the Arizona Constitution, the Arizona Supreme Court designated the Honorable Maurice Portley, Retired Judge of the Court of Appeals, to sit in this matter.

her opinions were "inadmissible, irrelevant, and prejudicial." The court then entered summary judgment for Hines:

> Plaintiffs' sole argument that the walkway (rather than the drains) was dangerous is based entirely on Ms. Bonesteel's expert opinion that the walkway violated various provisions of the building code designed for handicapped and disabled individuals. As the Court has already addressed the inadmissible, irrelevant and prejudicial impact of her opinion and has granted the Defendants' Motion to Strike, the only issue left is whether the drains on the walkway were dangerous. The Court finds that there is no genuine issue of material fact. Specifically, the Court finds that Plaintiffs have failed to provide sufficient facts to show that the drains at Two Renaissance Square were unreasonable [sic] dangerous or that Defendant, Hines, had notice of any alleged issues with the property. The Court further finds that the drains at Two Renaissance Square were open and obvious, non-hazardous conditions, and that [Arpaio] should have been able to navigate the walkway without injury.

Arpaio appealed following the entry of final judgment. We have jurisdiction pursuant to Arizona Revised Statute ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶5**      We review *de novo* whether summary judgment is appropriate, including whether genuine issues of material fact exist and whether the trial court properly applied the law. *McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252, ¶ 20 (App. 2013). Summary judgment may be appropriate, even in negligence cases, if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 518 (1982).

**¶6**      Landowners owe invitees, like Arpaio, a duty to maintain their property in a reasonably safe manner. *See Ritchie v. Costello*, 238 Ariz. 51, 54, ¶ 10 (App. 2015) (citing *Nicoletti v. Westcor, Inc.*, 131 Ariz. 140, 142 (1982)). Landowners, however, are not insurers of absolute safety, but must only exercise reasonable care to its invitees. *Preuss v. Sambo's of Ariz., Inc.*, 130 Ariz. 288, 289 (1981). In fact, the occurrence of a fall without more is insufficient to prove negligence. *Walker v. Montgomery Ward & Co., Inc.*, 20

Ariz. App. 255, 258 (1973).  Thus, to show Hines breached its duty, Arpaio had to show:

> 1) that the . . . dangerous condition is the result of defendant's acts or the acts of his servants, or 2) that defendant had actual knowledge or notice of the existence of the . . . dangerous condition, or 3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it (i.e., constructive notice).

*Id.*

**¶7**        Arpaio contends Bonesteel's reports created genuine issues of material fact on the issues and the trial court erred by striking them.  We review the court's decision to exclude expert evidence for an abuse of discretion even when a case is resolved on summary judgment.  *Messina v. Midway Chevrolet Co.*, 221 Ariz. 11, 16, ¶ 22 (App. 2008).

**¶8**        As noted, Arpaio testified he tripped on a drain.  Bonesteel found the drain cover was "flush with the walking surface in compliance with code," but opined that "[t]he cross-slope of the . . . path" caused Arpaio's fall.  More importantly, Bonesteel relied on code provisions regarding accessibility for physically disabled persons in reaching her opinions.

**¶9**        Although Arpaio testified he was not physically handicapped at the time of his fall, he claims that the code provisions for accessibility for physically disabled persons were relevant because the Phoenix Construction Code adopted the standards from the Americans with Disabilities Act ("ADA").  He, however, has not demonstrated that he was within the class of persons the code provisions were designed to protect.  *See Hatch Dev. LLC v. Solomon*, 240 Ariz. 171, 177, ¶ 21 (App. 2016).  Nonetheless, even if we assume the truth of the argument, the reliance on the Phoenix Construction Code provisions seem misplaced since those provisions are intended "to provide minimum standards of accessibility to buildings for the physically handicapped"; and there was no evidence that Arpaio was physically handicapped in any fashion.

**¶10**        As a result, given the evidence of the trip and fall, Bonesteel's opinions did not relate to Arpaio's fall and, if admitted into evidence, would not have aided the jury.  *See State ex. rel. Montgomery v. Miller*, 234 Ariz. 289, 298, ¶ 21 (App. 2014) ("'Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.'" (quoting

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993))); *Messina*, 221 Ariz. at 16, ¶ 22 ("The threshold test for expert testimony is whether it will assist the trier of fact."). Accordingly, the trial court did not abuse its discretion by excluding Bonesteel's opinion and reports.

**¶11** Moreover, Arpaio did not introduce any other evidence to show that either the drain or walkway was unreasonably dangerous. *See Burke v. Ariz. Biltmore Hotel, Inc.*, 12 Ariz. App. 69, 71 (1970) ("'Defective condition' is not necessarily synonymous with 'dangerous condition' and becomes so only when the defective condition creates an unreasonable risk of harm."). Nor did he present any evidence to support the *Walker* elements to show a breach of duty. *See* ¶ 6, *supra*. Therefore, we conclude the trial court properly granted summary judgment for Hines.

## CONCLUSION

**¶12** We affirm the judgment. Hines may recover its taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA